1  Charles W. Matheis Jr., Esq. (Bar No. 82476)
2  FEDERAL EXPRESS CORPORATION
   2601 Main Street, Suite 340
3  Irvine, California 92614
   Telephone: (949) 862-4638
4  Facsimile: (949) 862-4605
   Email: charles.matheis-jr@fedex.com
5
   Attorney for Defendant
6  FEDERAL EXPRESS CORPORATION

**E-filing**

7

8              UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT

10

11  TIM KRANSON,                          CV No. 11      5826

12           Plaintiff,                   (Alameda Superior Court Case No.
                                          RG11602065)
13       v.

14  FEDERAL EXPRESS                       PETITION AND NOTICE OF
    CORPORATION, and DOES ONE             REMOVAL OF CIVIL ACTION UNDER
15  through TWENTY, inclusive,            28 U.S.C. §§ 1332, 1441 AND 1446

16           Defendants.                  [DIVERSITY JURISDICTION]

17
                                          Complaint Filed: October 28, 2011
18                                        Trial Date:      None Set

19

20

21  TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

22  OF CALIFORNIA AND TO PLAINTIFF TIM KRANSON AND HIS COUNSEL OF

23  RECORD:

24       PLEASE    TAKE    NOTICE    that    defendant    FEDERAL    EXPRESS

25  CORPORATION (hereinafter "Defendant" or "Federal Express") removes this action

26  from the Alameda County Superior Court of the State of California to the United

27  States District Court for the Northern District of California on the following grounds:

28

907475.01 (60-13554)                             1
                        PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
                        Case No. _____

## INTRODUCTION

Federal Express is incorporated in the State of Delaware and its worldwide headquarters and principal place of business are in Memphis, Tennessee. (Declaration of C. Edward Klank III ("Klank Decl.") at ¶ 3 (attached hereto as Exhibit "H"). In his Complaint, the plaintiff alleges that he is currently a resident of the State of California. (Complaint at ¶ 1). Accordingly, complete diversity is present here. The amount in controversy exceeds $75,000, when all of the plaintiff's claims are considered, and therefore the minimum amount in controversy is met in this matter. Accordingly, this Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332, the requirements of 28 U.S.C. § 1441(b) have been met, and the requisite amount in controversy exists. Finally, Federal Express was served with the Complaint on November 3, 2011, and thus this case is being removed within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

## THE STATE COURT ACTION

1.     On or about October 28, 2011, the plaintiff filed an action against Federal Express entitled "TIM KRANSON, Plaintiff, vs. FEDERAL EXPRESS CORPORATION, and DOES ONE through TWENTY, inclusive, Defendants" in Alameda County Superior Court, Case No. RG11602065 (the "Complaint" or "State Court Action").

2.     Federal Express' agent for service of process, CT Corporation, was served with a copy of the Summons and Complaint, and other case-related documents, on November 3, 2011. A true and correct copy of the Service of Process Transmittal form from CT Corporation is attached hereto as Exhibit "A." True and correct copies of the Summons, Complaint and Civil Cover Sheet are attached hereto as Exhibit "B." A true and correct copy of the Notice of Case Management Conference is attached hereto as Exhibit "C."

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)                          2
                        PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
                                    Case No. _____

3.    On December 2, 2011, FedEx timely filed and served its Answer to Plaintiff's Complaint in the Alameda County Superior Court. A true and correct copy of Defendant's Answer is attached as Exhibit "F" hereto.

4.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, as defendant was served with the Complaint no more than thirty (30) days before the filing of this Petition. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348, 355-356, 119 S. Ct. 1322, 1328-1329 (1999) (30-day period to remove does not start on informal receipt of the Complaint before service of official process); *Lerma v. URS Federal Support Services*, 2011 U.S. Dist. LEXIS 66451 *13 (E.D. Cal. June 22, 2011).

5.    In the Complaint, the plaintiff alleged the following causes of action: (1) disability discrimination (Cal. Govt. Code section 12940); (2) failure to provide reasonable accommodation (Cal. Govt. Code section 12940); (3) failure to engage in the interactive process (Cal. Govt. Code section 12940); (4) violation of the California Family Rights Act (Cal. Govt. Code section 12945.2); (5) retaliation (Cal. Govt. Code section 12940); (6) failure to prevent discrimination (Cal. Govt. Code section 12940); (7) termination in violation of public policy; (8) violation of Business and Professions Code section 17200, et seq.; and (9) declaratory relief.

6.    In the Complaint, the plaintiff seeks general damages, special damages, punitive damages, attorney's fees and costs of suit.

7.    On November 14, 2011, defendant served the plaintiff with a Request for Statement of Damages. A true and correct copy of the Request for Statement of Damages is attached hereto as Exhibit "E."

8.    Plaintiff has not yet served his Response to Defendant's Request for Statement of Damages.

9.    Attached Exhibits "A" through "F" constitute all of the documents received or propounded by Federal Express in the State Court Action.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)

3

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
Case No. _____

1    10.    Federal Express will promptly file in Alameda County Superior Court its

2    Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal

3    Court. A true and correct copy of the Notice to State Court and All Adverse Parties of

4    Removal of Civil Action to Federal Court, without its accompanying exhibits, is

5    attached hereto as Exhibit "G."

6

7                            COMPLETE DIVERSITY EXISTS

8                          BETWEEN PLAINTIFF AND FEDEX

9    11.    The plaintiff is currently a resident of Alameda County, California

10   (Complaint at ¶ 1).

11   12.    Federal Express was incorporated in Delaware in 1971. Since 1973,

12   Federal Express' headquarters and principal place of business have been located in

13   Memphis, Tennessee. (Klank Decl. at ¶ 3). Federal Express conducts business

14   throughout the United States and the world. *Id.* at ¶ 4.

15   13.    The majority of Federal Express' high level officers, including the

16   President & CEO, the Chief Operating Officer, the Chief Financial Officer, the

17   General Counsel, and the Chief Human Resources Officer, work at the Memphis

18   world headquarters. (Klank Decl. at ¶ 3). Indeed, Federal Express performs the vast

19   majority of its executive and administrative functions at its world headquarters in

20   Memphis.

21   14.    If a party is a corporation, it is a citizen of both its state of incorporation

22   and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1);

23   *Hertz Corp. v. Friend*, 2010 U.S. LEXIS 1897 *9, 130 S. Ct. 1181, 1186 (2010) ("we

24   conclude that the phrase 'principal place of business' refers to the place where the

25   corporation's high level officers direct, control, and coordinate the corporation's

26   activities"). Accordingly, Federal Express is (and was at the time of the filing of the

27   Complaint) a citizen of the States of Delaware and Tennessee.

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)                                    4
                         PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
                                         Case No. _____

1    15.    Federal Express conducts business throughout the United States and the
2    world. (Klank Decl. at ¶ 4). Federal Express does not perform a "substantial
3    predominance" of business operations in any single state. Thus, the "nerve test"
4    should be used to determine its principal place of business. *See Hertz Corp. v. Friend*,
5    2010 U.S. LEXIS 1897 *9, 130 S. Ct. 1181, 1186, (2010); *Montrose Chemical v.*
6    *American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a
7    corporation's principal place of business is the state in which it performs a substantial
8    predominance of its corporate operations and, when no state contains a substantial
9    predominance of the corporation's business activities, then the corporation's principal
10    place of business is the state in which the corporation performs its executive and
11    administrative functions); *Tosco Corp. v. Cmtys for a Better Env't*, 236 F.3d 495, 500
12    (9th Cir. 2001). The majority of Federal Express' high level officers, including the
13    President & CEO, the Chief Operating Officer, the Chief Financial Officer, the
14    General Counsel, and the Chief Human Resources Officer, work at the Memphis
15    world headquarters. (Klank Decl. at ¶ 3). Accordingly, under the nerve center test,
16    Federal Express is a citizen of Delaware and Tennessee.

## THE AMOUNT IN CONTROVERSY EXCEEDS
## THE $75,000 JURISDICTIONAL MINIMUM

20    16.    The plaintiff seeks recovery of general, actual, special, compensatory
21    and/or nominal damages (including recovery for lost employment benefits); front and
22    back pay; punitive damages; costs and expenses incurred in prosecuting this lawsuit;
23    appropriate statutory fees and penalties; and pre and post-judgment interest.
24    (Complaint at pages 14-15 in the Prayer). When all of the plaintiff's claims are
25    considered the jurisdictional minimum is met.

26    17.    The plaintiff's Complaint does not specify the amount of damages sought,
27    but Federal Express submits that the Complaint contemplates an amount in
28    controversy in excess of $75,000.00, exclusive of interest and costs, in that the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)    5
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
Case No. _____

1    plaintiff seeks past, present and future earnings, lost benefits, general damages for

2    emotional and mental distress, punitive damages, attorney's fees, and such other and

3    further relief as the Court deems just. See generally, Complaint and Prayer for Relief,

4    pp. 14-15; Matheis Decl. at para. 4, stating that the plaintiff Tim Kranson's total

5    income in 2010 (the last full year he reported to work at FedEx) was $54,186.27.

6        18.    Where a plaintiff's state court complaint is silent as to the amount of

7    damages claimed, the removing defendant need only establish that it is more probable

8    than not that plaintiff's claim exceeds the jurisdictional minimum.    *Sanchez v.*

9    *Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996).  In an action by a

10   single plaintiff against a single defendant, all claims can be aggregated to meet the

11   minimum jurisdictional amount.  *Bank of Calif. v. Twin Harbors Lumber Co.*, 465

12   F.2d 489, 491 (9th Cir. 1972).  Defense counsel's testimony itemizing the bases for

13   plaintiff's damages claims has been held sufficient to establish the jurisdictional

14   minimum for diversity jurisdiction.  *Gafford v. General Electric Co.*, 997 F.2d 150,

15   160-161 (6th Cir. 1993).

16       19.    In determining whether the amount in controversy exceeds $75,000, the

17   Court must presume the plaintiff will prevail on each and every one of his claims.

18   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001

19   (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir.

20   1994) (the amount in controversy analysis presumes that "plaintiff prevails on

21   liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in

22   controversy is not measured by the low end of an open-ended claim, but rather by a

23   reasonable reading of the value of the rights being litigated").  The argument and facts

24   set forth herein may appropriately be considered in determining whether the

25   jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d

26   837, 843, n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3, 89

27   S.Ct. 1813, 23 L.Ed.2d 396 (1969).

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)                                      6
                             PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
                                              Case No. _____

20.    The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).   The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual employment discrimination cases often exceed damages).

21.    Cases in the Ninth Circuit firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56.   Furthermore, such fees are calculable beyond the time of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035.

22.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).   The potential punitive damage award against a defendant such as Federal Express alone may satisfy the amount in controversy requirement.   Federal Express is a subsidiary of FedEx Corporation, a publicly held company with shares traded on the New York Stock Exchange. *See* Klank Decl.   Although Federal Express vigorously denies the plaintiff's allegations, if the plaintiff was to prevail on one of his claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum.   It cannot be said to a legal certainty that the plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

23.    In *Aucina v. Amoco Oil Co.*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.   The court noted that the defendant was a Fortune 500 Company, and that

FEDERAL EXPRESS
CORPORATION
2801 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)                                                                 7
                                                   PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
                                                   Case No. _____

1  "[b]ecause the purpose of punitive damages is to capture a defendant's attention and

2  deter others from similar conduct" the plaintiff's claim for punitive damages "might

3  alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

4      24.    Removal of the case to federal court pursuant to 28 U.S.C. § 1441(a) is

5  available to Federal Express because this is a civil action between citizens of different

6  states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7

8  REMOVAL IS TIMELY

9      25.    The 30-day removal period starts to run when the party seeking to

10  remove receives a "paper from which it may first be ascertained that the case

11  is...removable." 28 U.S.C. § 1446 (b).  This action is being removed within 30 days

12  of service of the Complaint, November 3, 2011, when the agent for Federal Express

13  first became aware that the action was removable.  (Matheis Decl. at ¶ 2, Exhibit A).

14  Accordingly, removal of this action is timely.

15

16  CONCLUSION

17      26.    Because this civil action is between citizens of different states and the

18  amount in controversy is claimed to be in excess of $75,000, exclusive of interest and

19  costs, this Court has original jurisdiction over it, and Federal Express may remove the

20  action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Accordingly, Federal

21  Express respectfully requests that this Court exercise its removal jurisdiction over this

22  action.

23

24  DATED: December _/_, 2011       Respectfully submitted,

25

26  By: _____

27      CHARLES W. MATHEIS JR.
    Attorney for Defendant

28      FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)    8

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
Case No. _____

## INDEX OF EXHIBITS

EXHIBIT "A"     Service of Process Transmittal form from CT
                Corporation (Served on November 3, 2011)

EXHIBIT "B"     Summons, Complaint and Civil Cover Sheet filed in
                Alameda County Superior Court on October 28, 2011

EXHIBIT "C"     Notice of March 12, 2011 Initial Case Management
                Conference

EXHIBIT "D"     Notice of Assignment of Judge for All Purposes
                Issued

EXHIBIT "E"     Defendant's Request for Statement of Damages served
                on November 14, 2011

EXHIBIT "F"     Defendant's Answer to Complaint for Damages filed
                in Alameda County Superior Court on December 2,
                2011

EXHIBIT "G"     Defendant's Notice to State Court and All Adverse
                Parties of Removal of Civil Action

EXHIBIT "H"     Declaration of C. Edward Klank III in Support of
                Defendant's Petition and Notice of Removal of Civil
                Action Under 28 U.S.C. §§ 1332, 1441 and 1446

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614.

On December 2, 2011, I served the within document(s):

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

[DIVERSITY JURISDICTION]

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | by arranging with First Legal Attorney Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows by Federal Express for collection for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Stephen M. Murphy, Esq.
P. Bobby Shukla, Esq.
**LAW OFFICES OF STEPHEN M. MURPHY**
**180 Montgomery Street, Suite 940**
**San Francisco, CA 94104**
**Telephone: (415) 986-1338**
**Facsimile: (415) 986-1231**

*Attorneys for Plaintiff Tim Kranson*

☐   *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 2, 2011, at Irvine, California.

_Diane Fay Esparza_
Diane Fay Esparza

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907475.01 (60-13554)

10

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
Case No. _____

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/03/2011
CT Log Number 519430223

TO: Shunika Tunstall
Federal Express Corporation
3620 Hacks Cross Road, Third Floor
Building B
Memphis, TN 38125-

RE: **Process Served in California**

FOR: Federal Express Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Tim Kranson, Pltf. vs. Federal Express Corporation, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice, Cover Sheet, Attachment(s) |
| COURT/AGENCY: | Alameda County - Superior Court - Oakland, CA<br>Case # RG11602065 |
| NATURE OF ACTION: | Employee Litigation - Discrimination - Wrongful termination of employment on basis of physical disability |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/03/2011 at 15:57 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Stephen M. Murphy<br>Law Offices of Stephen M. Murphy<br>180 Montgomery Street<br>Suite 940<br>San Francisco, CA 94104<br>415-986-1338 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 797703342314<br>Image SOP<br>Email Notification, Cynthia Collins cjcollins@fedex.com<br>Email Notification, Shunika Tunstall shunika.tunstall@fedex.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT B



*10132895*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDERAL EXPRESS CORPORATION, and DOES ONE through
TWENTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIM KRANSON

FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

# FILED
ALAMEDA COUNTY

OCT 2 8 2011

CLERK OF THE SUPERIOR COURT
By _Chiya Clasa_
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court | CASE NUMBER:<br>*(Número del Caso):* **11 1 6 0 2 0 6 5** |
|---|---|

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Murphy, 180 Montgomery Street, Suite 940, San Francisco, CA 94104     (415) 986-1338

| DATE: **OCT 2 8 2011** PAT S. SWEETEN | Clerk, by _Chiya Clasa_ | , Deputy |
|---|---|---|
| *(Fecha)* EXECUTIVE OFFICER/CLERK | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com



*10132891*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEPHEN M. MURPHY (SBN 103768); P.BOBBY SHUKLA (SBN 229736)<br>LAW OFFICES OF STEPHEN M. MURPHY<br>180 MONTGOMERY STREET, SUITE 940<br>SAN FRANCISCO, CA 94104<br>TELEPHONE NO.: (415) 986-1338    FAX NO.: (415) 986-1231<br>ATTORNEY FOR *(Name):* Plaintiff TIM KRANSON | **F I L E D**<br>**ALAMEDA COUNTY**<br><br>**OCT 28 2011**<br><br>CLERK OF THE SUPERIOR COURT<br>By *Cheryl Clark*<br>               Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: Rene C. Davidson Courthouse

| CASE NAME: | |
|---|---|
| Tim Kranson v. Federal Express Corporation | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **RG11602065** |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>*(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 27, 2011

Stephen M. Murphy          ► *[signature]*
    (TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice— Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

1 | LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN M. MURPHY (No. 103768)
2 | P. BOBBY SHUKLA (229736)
180 Montgomery Street, Suite 940
3 | San Francisco, CA 94104
Tel:  (415) 986-1338
4 | Fax:  (415) 986-1231

5

6 | Attorneys for Plaintiff
TIM KRANSON

7

**FILED**
ALAMEDA COUNTY

OCT 2 8 2011

CLERK OF THE SUPERIOR COURT
By _____
Deputy

8

9 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF ALAMEDA

10

11 | TIM KRANSON,

12

13 |     Plaintiff,

14

15 | v.

16 | FEDERAL EXPRESS CORPORATION,
and DOES ONE through TWENTY,
17 | inclusive,

18

19 |     Defendants.

20

21

NO.  RG11602065

COMPLAINT FOR DAMAGES FOR
DISABILITY DISCRIMINATION,
FAILURE TO PROVIDE
REASONABLE ACCOMMODATION,
FAILURE TO ENGAGE IN THE
INTERACTIVE PROCESS,
VIOLATION OF THE CALIFORNIA
FAMILY RIGHTS ACT, RETALIATION
IN VIOLATION OF GOVERNMENT
CODE SECTION 12940(h),
VIOLATION OF GOVERNMENT
CODE SECTION 12940(k)
TERMINATION IN VIOLATION OF
PUBLIC POLICY, VIOLATION OF
BUSINESS AND PROFESSIONS
CODE SECTION 17200; AND
DECLARATORY RELIEF

JURY TRIAL DEMANDED

22

23

24

25

26

1
COMPLAINT FOR DAMAGES

1. Plaintiff TIM KRANSON alleges:

2. ### PARTIES AND JURISDICTION

3.     1.    Plaintiff TIM KRANSON is an individual and at all relevant times

4. mentioned herein was a resident of the City of Oakland, County of Alameda, State of

5. California.

6.     2.    Defendant FEDERAL EXPRESS CORPORATION (hereafter "FEDEX")

7. is, and at all times relevant hereto was a corporation doing business in the City of

8. Oakland, County of Alameda, State of California.

9.     3.    Defendants Does one through twenty are sued herein under fictitious

10. names pursuant to California Code of Civil Procedure Section 474; these defendants

11. are in some way liable for the damages sustained, but plaintiff does not at this time

12. know the true names or capacities of said defendants, but prays that the same may be

13. inserted herein when ascertained.

14. ### FACTS COMMON TO ALL CAUSES OF ACTION

15.     4.    Plaintiff TIM KRANSON was hired by FEDEX on approximately May 24,

16. 1990.

17.     5.    On approximately February 2, 2011, Plaintiff suffered an injury while

18. offloading aircraft. As a result of the injury, Plaintiff broke his left toe, lacerated another

19. left toe and ruptured his right arm tendon.

20.     6.    Plaintiff informed his manager Reginald Wright about the injury and his

21. need for medical leave.

22.     7.    On or around late March or early April of 2011, while plaintiff was on

23. medical leave, Mr. Wright informed him not to worry about his position. Mr. Wright also

24. told plaintiff, "you're not going anywhere" and to focus on his recovery.

25.     8.    On approximately May 9, 2011, plaintiff had an appointment with his

26. doctor, Jack H. Stehr, MD. FEDEX representative Karen Plumb was also present at the

1  appointment. After the examination, Dr. Stehr informed plaintiff that he could start doing
2  pushups again. Dr. Stehr then asked Ms. Plumb whether FEDEX offered a modified
3  work schedule. Ms. Plumb simply responded, "no."

4         9.     Ms. Plumb did not inquire into plaintiff's ability to work with
5  accommodation. No FEDEX employee inquired into plaintiff's ability to work with
6  accommodation.

7         10.    In around early June 2011, plaintiff was released to return to work on June
8  13, 2011.

9         11.    On approximately June 6, 2011, plaintiff called Mr. Wright to inform him
10  that his doctor released him to return to work on June 13, 2011. Mr. Wright informed
11  plaintiff that FEDEX was not hiring any more ramp agents and that there was no work
12  for him. Later FEDEX notified plaintiff that he would be terminated on September 8,
13  2011. On September 6, 2011, however, plaintiff received a letter from Sedgwick Claims
14  Management Services, Inc., FEDEX's workers' compensation administrator, making
15  him an offer to return to his original position at FEDEX as a Ramp Agent. Shortly
16  thereafter plaintiff called FEDEX human resources manager Kathy Cline, who told him
17  the letter from Sedgwick was a mistake, his position had in fact been eliminated, and he
18  would be terminated effective September 14, 2011.

19         12.    Plaintiff is informed and believes and thereon alleges that his physical
20  disability and/or his having requested and taken protected medical leave were
21  motivating factors in the decision to terminate his employment.

22                          **FIRST CAUSE OF ACTION**
                            **(Disability Discrimination)**
23
24         13.    The allegations of paragraphs 1 through 12 are realleged and
   incorporated herein by reference.
25
26         14.    At all relevant times alleged in this complaint, California Government

                                    3

1  Code Section 12940(a) was in full force and effect, and was binding on defendant. This

2  section prohibited defendant from discriminating against an employee, like plaintiff, who

3  has a physical disability as that term is defined in Government Code Section 12926(k).

4  This definition includes "[h]aving any physiological disease, disorder, condition,

5  cosmetic disfigurement, or anatomical loss that . . . both . . . [a]ffects one or more of the

6  following body systems: neurological, immunological, musculoskeletal, special sense

7  organs, respiratory, including speech organs, cardiovascular, reproductive, digestive,

8  genitourinary, hemic and lymphatic, skin, and endocrine" and "[l]imits a major life

9  activity" OR "having a record or history of a disease, disorder, condition, cosmetic

10 disfigurement, anatomical loss, or health impairment . . . which is known to the

11 employer . . ." OR "[b]eing regarded or treated by the employer . . . as having, or having

12 had, any physical condition that makes achievement of a major life activity difficult" OR

13 "[b]eing regarded or treated by the employer . . . as having, or having had, a disease,

14 disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that

15 has no present disabling effect but may become a physical disability . . ." Within the

16 time provided by law, plaintiff filed a complaint against defendant with the California

17 Department of Fair Employment and Housing in full compliance with Government Code

18 Section 12940 et. seq. and received a right-to-sue letter.

19      15.    During the course of plaintiff's employment, defendant violated

20 Government Code Section 12940(a) in numerous respects, including but not

21 necessarily limited to, refusing to allow plaintiff to return to work and terminating

22 plaintiff's employment. Such conduct has resulted in damage and injury to plaintiff as

23 alleged herein.

24      16.    As a proximate result of defendant's willful, knowing and intentional

25 conduct, plaintiff has sustained and continues to sustain losses in earnings and other

26

4

COMPLAINT FOR DAMAGES

1    employment benefits.

2        17.    As a further proximate result of defendant's willful, knowing and intentional

3    conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress,

4    and mental anguish, all to his damage in a sum according to proof.

5        18.    In light of defendant's wilful, knowing and intentional discrimination

6    against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an

7    amount according to proof.

8        19.    Plaintiff has incurred and continues to incur legal expenses and attorneys

9    fees. Plaintiff is presently unaware of the precise amount of said expenses and fees

10   and prays leave of court to amend this complaint when said amounts are more fully

11   known.

12                              **SECOND CAUSE OF ACTION**
                         **(Failure to Provide Reasonable Accommodation)**

13

14       20.    The allegations of paragraphs 1 through 19 are realleged and

     incorporated herein by reference.

15

16       21.    At all relevant times, Government Code Section 12940(m) was in full force

     and effect, and was binding on defendant. This section required defendant to provide

17   reasonable accommodation to an employee, like plaintiff, who has a physical disability

18   as that term is defined in Government Code Section 12926(k). Within the time provided

19   by law, plaintiff filed a complaint with the California Department of Fair Employment and

20   Housing in full compliance with Government Code Section 12940 et. seq. and received

21   a right-to-sue letter.

22       22.    Defendant violated Government Code Section 12940(m) in numerous

23   respects, including but not necessarily limited to failing to make reasonable

24   accommodation for plaintiff's known physical disability, failing to offer a modified work

25   schedule of any kind, and discharging plaintiff. Such conduct has resulted in damage

26

1  and injury to plaintiff as alleged herein.

2      23.    As a proximate result of defendant's willful, knowing and intentional

3  conduct, plaintiff has sustained and continues to sustain losses in earnings and other

4  employment benefits.

5      24.    As a further proximate result of defendant's willful, knowing and intentional

6  conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress,

7  and mental anguish, all to his damage in a sum according to proof.

8      25.    In light of defendant's wilful, knowing and intentional discrimination

9  against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an

10  amount according to proof.

11      26.    Plaintiff has incurred and continues to incur legal expenses and attorneys'

12  fees. Plaintiff is presently unaware of the precise amount of such expenses and fees,

13  and prays leave of court to amend this complaint when those amounts are more fully

14  known.

15                          **THIRD CAUSE OF ACTION**
                        **(Failure to Engage in the Interactive Process)**

16      27.    The allegations of paragraphs 1 through 26 are realleged and

17  incorporated herein by reference.

18      28.    At all relevant times, Government Code Section 12940(n) was in full force

19  and effect, and was binding on defendant. This section required defendant to engage in

20  an interactive process with an employee, like plaintiff, who has a physical disability as

21  that term is defined in Government Code Section 12926(k), to determine the availability

22  of reasonable accommodation. Within the time provided by law, plaintiff filed a

23  complaint with the California Department of Fair Employment and Housing in full

24  compliance with Government Code Section 12940 et. seq. and received a right-to-sue

25  letter.

26

29.   Defendant violated Government Code Section 12940(n) in numerous respects, including but not necessarily limited to, failing to engage in an interactive process with plaintiff to identify reasonable accommodation for his known physical disability. Such conduct has resulted in damage and injury to plaintiff as alleged herein.

30.   As a proximate result of defendant's willful, knowing and intentional conduct, plaintiff has sustained and continues to sustain losses in earnings and other employment benefits.

31.   As a further proximate result of defendant's willful, knowing and intentional conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to his damage in a sum according to proof.

32.   In light of defendant's wilful, knowing and intentional discrimination against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

33.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of such expenses and fees, and prays leave of court to amend this complaint when those amounts are more fully known.

## FOURTH CAUSE OF ACTION
### (Violation of the California Family Rights Act ("CFRA"))

34.   The allegations of Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.   At all relevant times in this complaint, CFRA, Government Code Section 12945.2, was in full force and effect and binding on defendant. Plaintiff is informed and believes and thereon alleges that defendant was a covered employer according to the CFRA in that they employed fifty or more employees, as required by 2 Cal. Code Regs. Sec. 7297.0(d).

36.     The CFRA permits eligible employees to take up to twelve weeks of leave each year for their own serious health condition, and guarantees them reinstatement after exercising their right to take a leave of absence. The CFRA prohibits an employer from restraining, discriminating against, interfering with or denying the exercise of or the attempt to exercise any right provided by the CFRA, or from retaliating against an employee who requests protected leave. At all times relevant in this complaint, plaintiff was an eligible employee suffering from a serious health condition within the meaning of the CFRA. Within the time provided by law, plaintiff filed a complaint for violation of the CFRA with the California Department of Fair Employment and Housing and received a right-to-sue letter.

37.     Defendant violated the CFRA by restraining, discriminating against, and interfering with plaintiff's right to CFRA-protected leave, in numerous respects, including but not necessarily limited to, terminating plaintiff's employment because of his exercise of his rights under CFRA. Defendant also violated the CFRA by retaliating against plaintiff for requesting and/or having taken protected leave.

38.     As a proximate result of defendant's willful, knowing and intentional conduct, plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

39.     As a further proximate result of defendant's willful, knowing and intentional conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

40.     In light of defendant's wilful, knowing and intentional discrimination against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

41.     Plaintiff has incurred and continues to incur legal expenses and attorneys'

1  fees. Plaintiff is presently unaware of the precise amount of his expenses and fees, and

2  prays leave of court to amend this complaint when the amounts are more fully known.

3  ### FIFTH CAUSE OF ACTION
(Retaliation)

4  42. The allegations of paragraphs 1 through 41 are realleged and

5  incorporated herein by reference.

6  43. At all relevant times alleged in this complaint, California Government

7  Code Section 12940(h) was in full force and effect, and was binding on defendant. This

8  section prohibited defendant from retaliating against an employee for having exercised

9  his rights and for protesting violation of his rights under Government Code Section

10  12940 et. seq. Within the time provided by law, plaintiff filed a complaint against

11  defendant with the California Department of Fair Employment and Housing in full

12  compliance with Government Code Section 12940 et. seq. and received a right-to-sue

13  letter.

14  44. Plaintiff is informed and believes and thereon alleges that defendant

15  retaliated against him for requesting and taking medical leave and for requiring an

16  accommodation for his disability or otherwise exercising his FEHA rights. The retaliation

17  included, but was not necessarily limited to, discharging plaintiff after a period of wholly

18  satisfactory, competent, and diligent performance. Such conduct has resulted in

19  damage and injury to plaintiff as alleged herein.

20  45. As a proximate result of defendant's willful, knowing and intentional

21  conduct, plaintiff has sustained and continues to sustain losses in earnings and other

22  employment benefits.

23  46. As a further proximate result of defendant's willful, knowing and intentional

24  conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress,

25  and mental anguish, all to his damage in a sum according to proof.

26  47. In light of defendant's willful, knowing and intentional discrimination

9

COMPLAINT FOR DAMAGES

1  against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an

2  amount according to proof.

3      48.    Plaintiff has incurred and continues to incur legal expenses and attorneys

4  fees. Plaintiff is presently unaware of the precise amount of said expenses and fees

5  and prays leave of court to amend this complaint when said amounts are more fully

6  known.

7                          **SIXTH CAUSE OF ACTION**
                          **(Failure to Prevent Discrimination)**

8      49.    The allegations set forth in Paragraphs 1 through 48 are re-alleged and

9  incorporated herein by reference.

10     50.    At all times herein mentioned, Government Code section 12940(k) was in

11 full force and effect and was binding on defendant. This section requires an employer to

12 take all reasonable steps necessary to prevent discrimination based on physical

13 disability from occurring. As alleged above, defendant violated this section by failing to

14 take all reasonable steps necessary to prevent the occurrence of discrimination based

15 on physical disability.

16     51.    As a proximate result of defendant's willful, knowing and intentional

17 conduct, plaintiff has sustained and continues to sustain losses in earnings and other

18 employment benefits.

19     52.    As a further proximate result of defendant's willful, knowing and intentional

20 conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress,

21 and mental anguish, all to his damage in a sum according to proof.

22     53.    In light of defendant's wilful, knowing and intentional discrimination

23 against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an

24 amount according to proof.

25     54.    Plaintiff has incurred and continues to incur legal expenses and attorneys

26 fees. Plaintiff is presently unaware of the precise amount of said expenses and fees

COMPLAINT FOR DAMAGES

1   and prays leave of court to amend this complaint when said amounts are more fully

2   known.

### SEVENTH CAUSE OF ACTION
### (Termination in Violation of Public Policy)

4   55.   The allegations of Paragraphs 1 through 54 are realleged and

5   incorporated herein by reference.

6   56.   At all times herein mentioned, California Government Code Sections

7   12940(a) and (h) were in full force and effect and were binding on defendant and

8   prohibited defendant from terminating an employee, such as plaintiff, based on his

9   physical disability and/or in retaliation for having exercised his rights under the FEHA.

10  57. .   At all relevant times in this complaint, CFRA, Government Code Section

11  12945.2, was in full force and effect and binding on defendant. Plaintiff is informed and

12  believes and thereon alleges that defendant was a covered employer according to the

13  CFRA in that they employed fifty or more employees, as required by 2 Cal. Code Regs.

14  Sec. 7297.0(d).

15  58.   The CFRA permits eligible employees to take up to twelve weeks of leave

16  each year for their own serious health condition, and guarantees them reinstatement

17  after exercising their right to take a leave of absence. The CFRA prohibits an employer

18  from restraining, discriminating against, interfering with or denying the exercise of or the

19  attempt to exercise any right provided by the CFRA, or from retaliating against an

20  employee who requests protected leave. At all times relevant in this complaint, plaintiff

21  was an eligible employee suffering from a serious health condition within the meaning

22  of the CFRA.

23  59.   Defendant violated the public policy of the State of California, as set forth

24  in the statutes referenced above, by terminating plaintiff's employment based on his

25  physical disability and/or in retaliation for his having exercised his rights under FEHA

26  and CFRA.

60.     As a proximate result of defendant's willful, knowing and intentional conduct, plaintiff has sustained and continues to sustain losses in earnings and other employment benefits.

61.     As a further proximate result of defendant's willful, knowing and intentional conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

62.     In light of defendant's wilful, knowing and intentional discrimination against plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION
**(Violation of Business and Professions Code Section 17200 et. seq.)**

63.     The allegations of Paragraphs 1 through 62 are realleged and incorporated herein by reference.

64.     Business and Profession Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

65.     Business and Professions Code section 17204 permits prosecution of an action for relief pursuant to Section 17200 et. seq. by any person "who has suffered injury in fact and has lost money or property as a result of such unfair competition."

66.     As alleged above, defendant has committed numerous unfair, unlawful and fraudulent business practices, within the meaning of Section 17200 et. seq., including but not limited to implementing and enforcing a medical leave policy which effectively results in the automatic termination of employees who take medical leave for a period of more than 90 days by allowing managers either to replace the position of an

12
COMPLAINT FOR DAMAGES

1   employee on medical leave or to allow the position to remain unfilled at the end of 90

2   days or the expiration of the employee's Federal Medical Leave Act ("FMLA") leave

3   (See Exhibit A, attached hereto); and engaging in other improper conduct, according to

4   proof at trial, which further demonstrates the unfair business practices of defendant.

5   This policy violates FEHA and CFRA by punishing employees who take leaves of

6   absence protected by FEHA and CFRA, by failing to ensure managers and others

7   engage in the interactive process, and by failing to consider reasonable

8   accommodations for employees with disabilities.

9        67.   Business and Professions Code section 17203 provides that a court may

10   make such orders or judgments as may be necessary to prevent the use or

11   employment by any person of any practice which constitutes unfair competition.

12   Injunctive relief is necessary and appropriate to prevent defendant from repeating their

13   unlawful, unfair and fraudulent business acts and business practices alleged above.

14        68.   As a direct and proximate result of the aforementioned acts and practices,

15   plaintiff has suffered the loss of wages and other damages in an amount to be proven

16   at trial.

17        69.   Business and Profession Code section 17203 provides that the Court may

18   restore to any person in interest any money or property which may have been acquired

19   by means of such unfair competition. Plaintiff is entitled to restitution pursuant to

20   Section 17203 for all wages and benefits unlawfully withheld from him.

21        70.   Business and Professions Code section 17202 provides: "Notwithstanding

22   Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a

23   penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff is entitled to

24   enforce all applicable penalty provisions of the Labor Code pursuant to Business and

25   Professions Code section 17202.

26        71.   Pursuant to Business and Professions Code Section 17082, plaintiff

1 hereby requests that this court award plaintiff reasonable attorneys' fees and costs

2 incurred by him in this action.

3 ## NINTH CAUSE OF ACTION
(DECLARATORY RELIEF)

4
    72.    The allegations of Paragraphs 1 through 71 are realleged and

5 incorporated herein by reference.

6
    73.    An actual controversy has arisen and now exists between plaintiff and

7 defendant concerning their respective rights and duties in that plaintiff contends that

8 defendant's medical leave policy, as set forth in the attached Exhibit A, which allows

9 managers either to replace the position of an employee on medical leave or to allow the

10 position to remain unfilled at the end of 90 days or the expiration of the employee's

11 FMLA leave, is unlawful and in violation of California law under the FEHA and the

12 CFRA. By maintaining such a policy, defendant disputes these contentions and

13 contends that its medical leave policies are lawful. Plaintiff seeks a declaration of rights

14 with respect to the controversy.

15
    74.    A judicial declaration is necessary and appropriate at this time under the

16 circumstance in order that plaintiff and defendant may ascertain their respective rights

17 and duties under the FEHA and the CFRA with respect to defendant's medical leave

18 policy. Plaintiff continues to sustain losses in earnings and other employment benefits,

19 and other damages, by the unsettled state of this controversy.

20 ## PRAYER FOR RELIEF

21
    WHEREFORE, plaintiff prays for judgment against defendant as follows:

22
    (1)    For compensatory damages including unpaid wages, lost wages, lost

23 employee benefits, and such other damages according to proof on each cause of

24 action;

25
    (2)    For general damages for emotional distress, humiliation, and mental

26 anguish on each cause of action;

**14**

1    (3)    For punitive damages on the First through Seventh causes of action;

2    (4)    For attorneys' fees on the First through Sixth, Eighth and Ninth causes of

3    action;

4    (5)    For a judicial declaration that defendant's policy as set forth in Exhibit A is

5    illegal and unenforceable under California law;

6    (6)    For interest, including prejudgment interest at the legal rate;

7    (7)    For costs of suit incurred herein; and

8    (8)    For such other and further relief as this Court deems just and proper.

9

10   Dated: October 27, 2011                LAW OFFICES OF STEPHEN M. MURPHY

11

12                                          By:
                                               STEPHEN M. MURPHY
13                                             Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT C

Law Offices of Stephen M. Murphy
Attn: Murphy, Stephen M.
180 Montgomery St., Ste. 940
San Francisco, CA 94104

## Superior Court of California, County of Alameda

| Kranson | No. RG11602065 |
|---|---|
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Federal Experss Corporation | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 03/12/2012 | Department: 24 | Judge: **Yvonne Gonzalez Rogers** |
|---|---|---|
| Time: 08:30 AM | Location: **Administration Building** | Clerk: **Param Bir** |
| | **Third Floor** | Clerk telephone: **(510) 267-6940** |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | | **Dept.24@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1509** |

### ORDERS

1. You must:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60** days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb**.
†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/02/2011.

By _____

Deputy Clerk

# EXHIBIT D

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG11602065
Case Title:    Kranson VS Federal Experss Corporation
Date of Filing: 10/28/2011

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Yvonne Gonzalez Rogers** |
| **Department:** | **24** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept.24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Yvonne Gonzalez Rogers
DEPARTMENT 24

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are STRICTLY enforced, esp. on Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) An informal discovery resolution process is provided for represented parties. Contact the clerk for details. (3) Courtesy Copies delivered directly to Dept 24 required for Summary Judgment/Adjudication Motions and Anti-SLAPP motions only. If said filing collectively measures THREE inches, please deliver the Courtesy Copy in a Three-Inch Binder separated with tabs and indexed. (4) DATES: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (5) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court. Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk CANNOT provide legal advice. (6) Self-represented parties are encouraged to use the Self-Help Center at RCD.

### Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date. Email request will result in a faster response.

- Trials generally are held: Mondays through Thursdays at 9 a.m. Trial Readiness Conference set 10 days prior to trial on Fridays at 10 am. Compliance with Local Rule 3.35 and personal appearance of trial counsel required on that date.

- Case Management Conferences are held: Mon and Wed at 9 a.m. Special sets on Fridays at 9 a.m. Tentative orders posted approx. one week in advance. If agreeable to ALL, may submit via JOINT email to Court and order will issue without appearance.

- Law and Motion matters are heard: Tuesdays and Thursdays at 3:45 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative Rulings, compliance with Local Rule 3.30(c) required. To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard: Court resources are limited. Counsel encouraged to consider alternative dispute resolution options. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard: Mondays and Wednesdays at 4 p.m. Contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination set on Fridays at 2 pm. For orders of examination bring your own reporter if you want a record.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:       Dept.24@alameda.courts.ca.gov

  Email Requests for Law & Motion hearing dates. Include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party. Personal presence required for oral argument on any contested matter or must submit the matter on documents filed.

- Ex Parte Matters
  Email:       Dept.24@alameda.courts.ca.gov

  Applications are considered only on moving papers and any written response.

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone: 1-866-223-2244

Dated: 11/01/2011       _Yon L. Relyea_  facsimile

_____

Presiding Judge,
Superior Court of California, County of Alameda

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as

shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/02/2011

By

Deputy Clerk

# EXHIBIT E

1   Charles W. Matheis Jr., Esq. (Bar No. 82476)
    FEDERAL EXPRESS CORPORATION
2   2601 Main Street, Suite 340
    Irvine, California 92614
3   Telephone:  (949) 862-4638
    Facsimile:  (949) 862-4605
4   Email: charles.matheis-jr@fedex.com

5   Attorney for Defendant
    FEDERAL EXPRESS CORPORATION
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF ALAMEDA

10  TIM KRANSON,                          Case No. RG11602065

11              Plaintiff,                JUDGE YVONNE GONZALEZ ROGERS
                                          DEPARTMENT 24
12      v.
                                          DEFENDANT FEDERAL EXPRESS
13  FEDERAL EXPRESS CORPORATION,          CORPORATION'S REQUEST FOR
    and DOES ONE through TWENTY,          STATEMENT OF DAMAGES
14  inclusive,

15              Defendants.               Complaint Filed:   October 28, 2011
                                          Trial Date:        Not Set
16

17

18  TO PLAINTIFF TIM KRANSON AND HIS ATTORNEYS OF RECORD:

19       Pursuant to California Code of Civil Procedure Section 425.11, FEDERAL EXPRESS

20  CORPORATION, through its attorneys of record, hereby requests that Plaintiff TIM KRANSON

21  furnish a statement setting forth the nature and amount of damages being sought in the above-

22  captioned action within fifteen (15) days hereof and in the manner required by law.

23

24  DATED:  November 14, 2011           Respectfully submitted,

25

26                                      By:

27                                          CHARLES W. MATHEIS JR.
                                            Attorney for Defendant
28                                          FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

905392 (60-13554)                              1
                        DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On November 14, 2011, I served the within document(s):

DEFENDANT FEDERAL EXPRESS CORPORATION'S REQUEST FOR STATEMENT OF DAMAGES

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Stephen M. Murphy, Esq.
P. Bobby Shukla, Esq. 229736
**LAW OFFICES OF STEPHEN M. MURPHY**
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231

*Attorneys for Plaintiff Tim Kranson*

☒   *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 14, 2011, at Irvine, California.

Diane Fay Esparza

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

905392 (60-13554)

2

DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES

# EXHIBIT F

1   Charles W. Matheis Jr., Esq. (Bar No. 82476)
    FEDERAL EXPRESS CORPORATION
2   2601 Main Street, Suite 340
    Irvine, California 92614
3   Telephone: (949) 862-4638
    Facsimile: (949) 862-4605
4   Email: charles.matheis-jr@fedex.com

5   Attorney for Defendant
    FEDERAL EXPRESS CORPORATION
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ALAMEDA

10  TIM KRANSON,                        Case No. RG11602065

11              Plaintiff,              JUDGE YVONNE GONZALEZ ROGERS
                                        DEPARTMENT 24
12       v.
                                        DEFENDANT FEDERAL EXPRESS
13  FEDERAL EXPRESS CORPORATION,        CORPORATION'S ANSWER AND
    and DOES ONE through TWENTY,        AFFIRMATIVE DEFENSES TO
14  inclusive,                          PLAINTIFF'S COMPLAINT
15
                Defendants.
16                                      Complaint Filed:   October 28, 2011
                                        Trial Date:        None Set
17

18

19

20

21  TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS

22  OF RECORD:

23       Defendant FEDERAL EXPRESS CORPORATION ("Defendant" or "FedEx"), hereby

24  answers the unverified complaint ("Complaint") of Plaintiff TIM KRANSON ("Plaintiff") as

25  follows:

26  ///

27  ///

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                          1
                    FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

GENERAL DENIAL

Pursuant to California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of action contained therein. Defendant further denies, generally and specifically, that Plaintiff has been damaged in the sums alleged or in any sum or at all as a result of the alleged acts, omissions or other conduct of Defendant, its agents, employees or independent contractors, and Defendant denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint. Defendant further denies that it is in any way liable to Plaintiff or that it has acted or failed to act so as to be the legal cause of any damage to Plaintiff. By pleading the separate defenses set forth below, Defendant does not admit that it has the burden of production or proof with respect to any such defenses.

AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges and avers the following:

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE

(Good Faith Belief)

2. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on which it, and/or its agents and/or employees, based its acts, omissions and conduct taken with respect to Plaintiff and all acts were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons and were not in violation of any law or FedEx policy.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)

2

FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1        THIRD AFFIRMATIVE DEFENSE

2            (No Causation)

3        3.      The Complaint, and each purported cause of action contained therein, is barred because

4    the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or

5    other conduct of Defendant, and/or its agents and/or employees, nor the conditions of Plaintiff's work

6    environment.

7

8        FOURTH AFFIRMATIVE DEFENSE

9            (No Ratification)

10       4.      Defendant expressly denies that it engaged in any unlawful conduct towards Plaintiff.

11   However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of

12   FedEx occurred, such conduct was neither authorized nor ratified by FedEx.

13

14       FIFTH AFFIRMATIVE DEFENSE

15           (Managerial Discretion)

16       5.      If and to the extent that Defendant made any adverse employment decisions with respect

17   to Plaintiff, those decisions fell within the legitimate exercise of managerial discretion and therefore

18   cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

19

20       SIXTH AFFIRMATIVE DEFENSE

21           (Unclean Hands)

22       6.      The Complaint, and each purported cause of action contained therein, is barred, in

23   whole or in part, by virtue of the doctrine of unclean hands.

24

25       SEVENTH AFFIRMATIVE DEFENSE

26           (Statutes of Limitation)

27       7.      Plaintiff's purported causes of action are barred, in whole or in part, by the applicable

28   statute of limitations, including, but not limited to, California *Code of Civil Procedure* sections

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                                    3
                FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

335.1, 338, and/or 343, and *Government Code* sections 12960 and 12965, as well as any other applicable statute of limitation, and no statute of limitation was tolled by the filing of a workers' compensation claim.

### EIGHTH AFFIRMATIVE DEFENSE

(Plaintiff's Breach of Duty)

8.     The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff breached his duty of reasonable care, good faith and loyalty to FedEx. California *Labor Code* sections 2854, 2856 and 2859.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Use Internal Procedures)

9.     Plaintiff is estopped from recovering damages pursuant to the Complaint, and each purported cause of action contained therein, by his acts, omissions or other conduct, including, but not limited to, his failure to utilize or otherwise exhaust his remedies under FedEx's internal complaint procedure by, among other things, failing to complain of the acts, omissions and conduct alleged in a timely fashion.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10.     Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

### ELEVENTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

11.     Plaintiff's claims are limited by the doctrine of after acquired evidence because of misrepresentations contained in his employment application and/or supporting documents and/or his conduct during the course of his employment with FedEx.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                                    4
FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

TWELFTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

12.     Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can he show advance knowledge, conscious disregard, authorization, and/or ratification by an officer, director or managing agent of FedEx. California *Civil Code* section 3294.

THIRTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Not Permitted)

13.     Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of exemplary or punitive damages under California law without proof of every element beyond a reasonable doubt, and any award of exemplary or punitive damages not subject to a predetermined limit, would violate Defendant's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, section 7 of the California Constitution, and would be improper under the common and statutory law, as well as the public policies of the State of California, including California *Civil Code* section 3294 and the California Supreme Court's decision in *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654.

FOURTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

14.     Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith efforts to comply with applicable employment discrimination laws.

FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver)

15.     Because of Plaintiff's negligent or improper conduct, acts and omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                                      5
FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

16.     Defendant alleges that Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to fully and timely exhaust her required statutory administrative remedies prior to commencing suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

17.     Plaintiff's claims for special damages are barred because Plaintiff has failed to allege such damages with the requisite specificity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18.     Plaintiff unreasonably delayed filing this action, thereby prejudicing Defendant and barring Plaintiff's claims under the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

19.     Plaintiff's retaliation claims are barred to the extent he did not engage in any protected activity.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Worker's Compensation Exclusivity)

20.     Any and all claims asserted by Plaintiff based in whole or in part upon alleged physical, emotional, economic or other injury or distress are barred because Plaintiff's sole and exclusive remedy for such injuries, if any, is provided by the California Workers' Compensation Act ("the Act"), California *Labor Code* section 3600, *et seq.*, because the injuries complained of by Plaintiff in this action allegedly were caused by his employment and occurred at a time when (a)

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1    FedEx and Plaintiff were subject to the compensation provisions of the Act, and (b) Plaintiff was

2    performing services growing out of and incidental to his employment.

3

4                        TWENTY-FIRST AFFIRMATIVE DEFENSE

5                              (Punitive Damages Not Allowed)

6         21.    Plaintiff's claims for punitive damages are barred because California's laws regarding

7    the alleged conduct in question in this action are too vague to permit the imposition of punitive

8    damages, and because California's laws, rules and procedures regarding punitive damages deny due

9    process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth

10   Amendments to the United States Constitution and place an unreasonable burden on interstate

11   commerce.

12

13                      TWENTY-SECOND AFFIRMATIVE DEFENSE

14                              (Failure of Performance)

15        22.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

16   therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise

17   conduct himself in accordance with the standards and policies of FedEx.

18

19                       TWENTY-THIRD AFFIRMATIVE DEFENSE

20                              (Contributory Negligence)

21        23.    If and to the extent that Plaintiff has suffered the damages alleged in any of the causes

22   of action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly

23   and proximately caused or contributed to some or all of the damages claimed.

24

25                      TWENTY-FOURTH AFFIRMATIVE DEFENSE

26                                 (No Causation)

27        24.    To the extent that Plaintiff has suffered physical injuries and/or emotional distress,

28   Plaintiff's injuries or damages, if any, were caused by factors unrelated to the conditions of his work

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                              7
                  FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1   environment and/or resulted from a preexisting physical or mental condition.

2

3                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

4                         (No Knowledge or Consent)

5        25.    To the extent any agent of FedEx intentionally inflicted emotional distress on Plaintiff

6   (which Defendant denies happened), said agent was acting outside the scope of his/her employment

7   and without the knowledge, authority and/or consent of FedEx.

8

9                    TWENTY-SIXTH AFFIRMATIVE DEFENSE

10                              (No Intent)

11       26.    Defendant, by any actions taken towards Plaintiff, did not intend to inflict emotional

12   distress upon her.

13

14                   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15                        (No Emotional Distress)

16       27.    Plaintiff has not suffered emotional distress, severe or otherwise.

17

18                   TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19                              (Consent)

20       28.    As a separate and affirmative defense, Defendant is informed and believes that further

21   investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause

22   of action therein are barred by the equitable doctrine of consent.

23

24                   TWENTY-NINTH AFFIRMATIVE DEFENSE

25                        (Avoidable Consequences)

26       29.    Plaintiff is barred from recovering any damages under the avoidable consequences

27   doctrine, because (1) FedEx took reasonable steps to prevent discrimination and retaliation; (2)

28   Plaintiff unreasonably failed to use the preventive and corrective measures that FedEx provided; and

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                          8
                 FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1    (3) reasonable use of FedEx's procedures would have prevented the harm that Plaintiff allegedly

2    suffered. *State Department of Health Services v. Superior Court of Sacramento County* (2003) 31

3    Cal.4th 1026, 6 Cal.Rptr.3d 441.

4

5                        THIRTIETH AFFIRMATIVE DEFENSE

6                                (No Adverse Action)

7        30.    Plaintiff has not suffered an adverse tangible employment action.

8

9                        THIRTY-FIRST AFFIRMATIVE DEFENSE

10                              (No Outrageous Conduct)

11       31.    Plaintiff was not the victim of any conduct so shocking in character, or so extreme in

12   degree, that a person of normal sensibilities would consider the conduct outrageous.

13

14                       THIRTY-SECOND AFFIRMATIVE DEFENSE

15                             (Set Off Against Recovery)

16       32.    Defendant is entitled to set off any recovery Plaintiff receives or received under the

17   California Workers' Compensation Act and/or California's State Disability Insurance Act for injuries or

18   damages alleged in the Complaint against any damages awarded to him in this action, if any.

19

20                        THIRTY-THIRD AFFIRMATIVE DEFENSE

21                             (No Pre-Judgment Interest)

22       33.    Plaintiff is not entitled to pre-judgment interest in this matter because his claims do not

23   qualify for such interest. California *Civil Code* sections 3287 and 3288.

24

25                       THIRTY-FOURTH AFFIRMATIVE DEFENSE

26                               (Essential Functions)

27       34.    Plaintiff could not perform the essential functions of his job, with or without reasonable

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                    9
                FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1     accommodations, without imposing a direct and imminent threat to his safety and/or the safety of

2     others.

3

4                   THIRTY-FIFTH AFFIRMATIVE DEFENSE

5                          (Not Disabled)

6        35.     Plaintiff is not disabled as defined by California *Government Code* section 12926.

7

8                   THIRTY-SIXTH AFFIRMATIVE DEFENSE

9                   (No Accommodation Requested)

10       36.     Plaintiff did not request reasonable accommodations and failed to engage in the

11    interactive process.

12

13                THIRTY-SEVENTH AFFIRMATIVE DEFENSE

14                     (Essential Functions)

15       37.     Plaintiff could not perform the essential functions of his position and could not be

16    reasonably accommodated.

17

18                THIRTY-EIGHTH AFFIRMATIVE DEFENSE

19                     (Undue Hardship)

20       38.     In the alternative, any needed accommodation would have created an undue hardship to

21    Defendant.

22

23                THIRTY-NINTH AFFIRMATIVE DEFENSE

24             (Bonafide Occupational Qualification)

25       39.     Plaintiff's claims are barred on the grounds of bona fide occupational qualification.

26    ///

27    ///

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)               10

FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1       FORTIETH AFFIRMATIVE DEFENSE

2        (No Unlawful Discrimination)

3   40.  The acts, omissions or other conduct alleged in the Complaint, and each purported cause

4 of action contained therein, were based on reasonable, non-discriminatory factors unrelated to Plaintiff's

5 physical condition or age and were free from unlawful discrimination of any kind.

6

7       FORTY-FIRST AFFIRMATIVE DEFENSE

8         (No Jurisdiction)

9   41.  To the extent that Plaintiff's allegations or claims under the California Fair Employment

10 and Housing Act were not made the subject of timely complaints filed by or on her behalf with the

11 California Department of Fair Employment and Housing against Defendant, this Court lacks

12 jurisdiction with respect to any such allegations or claims under California *Government Code* section

13 12960, *et seq.*

14

15      FORTY-SECOND AFFIRMATIVE DEFENSE

16       (Offset Against Recovery)

17   42.  Any recovery on Plaintiff's Complaint, or any purported cause of action contained

18 therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff

19 received from any source after Plaintiff ceased to be employed by Defendant.

20

21       FORTY-THIRD AFFIRMATIVE DEFENSE

22        (No Right to Sue)

23   43.  Plaintiff's causes of action are barred, in whole or in part, because Plaintiff did not

24 receive a "Right to Sue" letter from the California Department of Fair Employment and Housing.

25

26       FORTY-FOURTH AFFIRMATIVE DEFENSE

27        (Plaintiff Not Qualified)

28   44.  Plaintiff was not qualified for his position.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)     11
      FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

2

(No Serious Health Condition)

3      45.      Plaintiff did not have a "serious health condition" for the purposes of the

4   California Family Rights Act ("CFRA").

5

6

## FORTY-SIXTH AFFIRMATIVE DEFENSE

7

(No Certification)

8      46.      Plaintiff did not meet the notice and medical documentation and/or certification

9   requirements of the CFRA and so liability cannot exist.

10

11

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

12

(No Retaliation)

13      47.      Defendant has no liability under the CFRA, because Plaintiff was not terminated or

14   discriminated against for utilizing or attempting to utilize the protections of the CFRA.

15

16

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

17

(No Right to Leave of Absence)

18      48.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

19   therein, is barred in that Plaintiff was not otherwise eligible for CFRA leave or any other leave of

20   absence pursuant to any state or federal law.

21

22

## FORTY-NINTH AFFIRMATIVE DEFENSE

23

(No Violation of Statute)

24      49.      Plaintiff's claim of wrongful termination in violation of public policy is barred

25   because Plaintiff cannot prove a violation of the statute or constitutional provision upon which the

26   claim is based.

27   / / /

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                                      12
FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

FIFTIETH AFFIRMATIVE DEFENSE

(Estoppel)

50. Plaintiff's claims are barred by the doctrine of judicial estoppel.

FIFTY-FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

51. As a separate and affirmative defense, Defendants allege that Plaintiff's purported eighth cause of action under California *Business and Professions Code* section 17200 *et seq.* is barred by California *Business and Professions Code* section 17208 to the extent that it seeks to recover for alleged violations of said statute that occurred more than four years before the filing of this action.

FIFTY-SECOND AFFIRMATIVE DEFENSE

(No Representative Capacity)

52. As a separate and affirmative defense, Defendants allege that Plaintiff lacks standing to sue Federal Express in a representative capacity.

FIFTY-THIRD AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

53. As a separate and affirmative defense to the Complaint and the purported claims for declaratory and other equitable relief contained therein, Defendants allege that such claims are barred because Plaintiff has an adequate remedy at law.

FIFTY-FOURTH AFFIRMATIVE DEFENSE

(Unconstitutional Law)

54. As a separate and affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that *Business and Professions Code* sections 17200 *et seq.*, are unconstitutionally vague and overbroad, as applied to the facts and circumstances of this case, and Plaintiff's Complaint and the purported eighth cause of action therein

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1  are barred because the prosecution of this action by Plaintiff would constitute a denial of Defendant's

2  due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the

3  United States Constitution and laws of the State of California.

4

5                    FIFTY-FIFTH AFFIRMATIVE DEFENSE

6                         (Additional Defenses)

7        55.    Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant

8  cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to

9  assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

10

11                         PRAYER FOR RELIEF

12        WHEREFORE, Defendant prays for judgment as follows:

13        1.   That Plaintiff take nothing by virtue of his Complaint, and that the Complaint be

14  dismissed in its entirety, with prejudice;

15        2. That judgment be entered in favor of Defendant and against Plaintiff;

16        3.   That Defendant be awarded attorneys' fees and costs of suit herein, and prejudgment

17  interest thereon; and

18        4. That Defendant be awarded such other and further relief as the Court may deem just and

19  proper.

20

21

22  DATED: December _/_, 2011                Respectfully submitted,

23

24                                    By:_____

25                                        CHARLES W. MATHEIS JR.
                                          Attorney for Defendant
26                                        FEDERAL EXPRESS CORPORATION

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                        14
                 FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

1

## **PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a party to

3
the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340,
Irvine, California 92614.

4

On December 2, 2011, I served the within document(s):

5

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE

6
DEFENSES TO PLAINTIFF'S COMPLAINT

7

8
☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

9
☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

10

11
☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

12
☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight

13
delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary

14
business practices.

15
**Stephen M. Murphy, Esq.**
**P. Bobby Shukla, Esq.**

16
**LAW OFFICES OF STEPHEN M. MURPHY**
**180 Montgomery Street, Suite 940**

17
**San Francisco, CA 94104**
**Telephone: (415) 986-1338**

18
**Facsimile: (415) 986-1231**

19
*Attorneys for Plaintiff Tim Kranson*

20

21
☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23
Executed on December 2, 2011, at Irvine, California.

24

25
Diane Fay Esparza

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

906924.02 (60-13554)                                    15
FEDERAL EXPRESS CORPORATION'S ANSWER TO COMPLAINT

# EXHIBIT G

1  Charles W. Matheis Jr., Esq. (Bar No. 82476)
   FEDERAL EXPRESS CORPORATION
2  2601 Main Street, Suite 340
   Irvine, California 92614
3  Telephone: (949) 862-4638
   Facsimile: (949) 862-4605
4  Email: charles.matheis-jr@fedex.com

5  Attorney for Defendant
   FEDERAL EXPRESS CORPORATION
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ALAMEDA

10

11 TIM KRANSON,                              Case No. RG11602065

12        Plaintiff,                         JUDGE YVONNE GONZALEZ ROGERS
                                             DEPARTMENT 24
13    v.
                                             NOTICE TO STATE COURT AND ALL
14 FEDERAL EXPRESS CORPORATION,              ADVERS PARTIES OF REMOVAL OF CIVIL
   and DOES ONE through TWENTY,              ACTION TO FEDERAL COURT
15 inclusive,

16        Defendants.                        Complaint Filed:   October 28, 2011
                                             Trial Date:        None Set
17

18

19

20

21 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS

22 ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that on or about December 2, 2011, Defendant FEDERAL

24 EXPRESS CORPORATION (hereinafter "Defendant" or "Federal Express") filed its Notice to

25 Federal Court of Removal of Civil Action in the office of the Clerk of the United States District

26 Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. True

27 and correct copies of said notice and its accompanying exhibits are attached hereto as Exhibit "A".

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907474.01 (60-13554)                        1
NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1    PLEASE TAKE FURTHER NOTICE that the filing of said notice in Federal Court, together

2    with the filing of a copy of said notice with this Court, effects the removal of this action in

3    accordance with 28 U.S.C. §1446(d).

4

5

6    DATED: December _/_, 2011                     Respectfully submitted,

7

8                                          By: _____

9                                              CHARLES W. MATHEIS JR.
                                               Attorney for Defendant
10                                             FEDERAL EXPRESS CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

907474.01 (60-13554)                           2

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On December ⟋, 2011, I served the within document(s):

NOTICE TO STATE COURT AND ALL ADVERS PARTIES OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Stephen M. Murphy, Esq.
P. Bobby Shukla, Esq.
**LAW OFFICES OF STEPHEN M. MURPHY**
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231

*Attorneys for Plaintiff Tim Kranson*

☒   *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December ⟋, 2011, at Irvine, California.

*Diane Fay Esparza*
Diane Fay Esparza

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

907474.01 (60-13554)                                          3
NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

# EXHIBIT H

1   Charles W. Matheis Jr., Esq. (Bar No. 82476)
2   Jane M. Flynn, Esq. (Bar No. 167466)
    FEDERAL EXPRESS CORPORATION
3   2601 Main Street, Suite 340
    Irvine, California 92614
4   Telephone: (949) 862-4638
    Facsimile:  (949) 862-4605
5   E-mail: charles.matheis-jr@fedex.com

6   Attorneys for Defendant
    FEDERAL EXPRESS CORPORATION A D R

7

8                   UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT

10

11  DONNA MEGEE,                        Case No. **C11-04105 EDL**

                    Plaintiff,          (Alameda Superior Court Case No.
                                        RG11579153)
    v.

    FEDERAL EXPRESS, a                  DECLARATION OF C. EDWARD
    corporation, and DOES 1-50,         KLANK III IN SUPPORT OF
                                        DEFENDANT'S PETITION AND
                    Defendants.         NOTICE OF REMOVAL OF CIVIL
                                        ACTION UNDER 28 U.S.C. §§ 1332,
                                        1441 AND 1446

                                        Complaint Filed: May 31, 2011
                                        Trial Date:    None Set

22      I, C. Edward Klank III, hereby declare and state as follows:

23      1.     I am over the age of eighteen and am competent to testify as to the

24  matters set forth herein. I am Staff Director – Securities and Corporate Law employed

25  by FedEx Corporation in Memphis, Tennessee. I am fully familiar with the corporate

26  organization and history of FedEx Corporation and its subsidiaries. I have personal

27  knowledge of the facts contained herein, and if called and sworn as a witness herein, I

28  could and would testify competently thereto. I make this declaration in support of

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1  Defendant Federal Express Corporation's Petition and Notice of Removal of Civil
2  Action.

3       2.     FedEx Corporation was incorporated in Delaware on October 2, 1997,
4  and its headquarters and principal place of business are located at 942 South Shady
5  Grove Road, Memphis, Tennessee 38120.  FedEx Corporation is a publicly-traded
6  holding company with several wholly-owned subsidiaries.  One of those wholly-
7  owned subsidiaries is Federal Express Corporation.

8       3.     Federal Express Corporation was incorporated in the State of Delaware
9  on June 24, 1971.  Since 1973, Federal Express Corporation's headquarters and
10  principal place of business have been located in Memphis, Tennessee.  Currently,
11  Federal Express Corporation's world headquarters and principal place of business are
12  located at 3610 Hack Cross Road, Memphis, Tennessee 38125.  The majority of
13  Federal Express Corporation's high level officers, including the President & CEO, the
14  Chief Operating Officer, the Chief Financial Officer, the General Counsel and the
15  Chief Human Resources Officer, work at the Memphis world headquarters.

16       4.     Federal Express Corporation conducts business throughout the United
17  States and the world.

18       I declare under penalty of perjury under the laws of the State of California and
19  the laws of the United States that the foregoing is true and correct and that this
20  declaration was executed this  17th  day of August, 2011, in Memphis, Tennessee.

21
22
23                                        C. EDWARD KLANK III
24
25
26
27
28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

DECLARATION OF C. EDWARD KLANK III IN SUPPORT OF NOTICE OF REMOVAL
Case No. _____