1
2
3              UNITED STATES DISTRICT COURT
4             NORTHERN DISTRICT OF CALIFORNIA
5
6
7
8   TIM KRANSON,                      Case No.: 11cv5826
                                       AMENDED
9              Plaintiff,            **PRETRIAL ORDER AT CONCLUSION**
                                     **OF PRETRIAL CONFERENCE**
10       vs.
11  FEDERAL EXPRESS CORPORATION,
12             Defendant
13
14
15          Having considered the filings to date and the arguments and other submissions at the Pretrial

16  Conference, for good cause shown the Court enters the following orders:

17          1.      **Trial Date and Schedule:**   The trial of this matter is confirmed for Tuesday, October

18  9, 2012 beginning at 8:30 a.m. in Courtroom 5 with jury selection to be conducted on Thursday,
19
20  October 4, 2012.  For purposes of this Order, October 9, 2012 is deemed the "Trial Date."   Trial is

21  estimated to last ten court days including jury selection.  Counsel shall arrive in Court early enough to

22  proceed with evidence by 8:30 a.m.  Trial schedule will be generally as follows, Monday through

23  Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.   In this instance, trial will run
24
25  from October 9-12, 2012, October 15-17, and October 22-23.  Parties are limited to eighteen (18)

26  hours each to complete the trial which includes all witness, openings and closings.  Jury selection is

27  not included.

28

United States District Court
Northern District of California

Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Side bars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

2.      **Standard Motions *in Limine*:**  The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions or mediation; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).  The Court's rulings on the motions *in limine* are provided by separate order. Parties shall provide the Court with the forms of order consistent with the hearing on the issue.

3.      Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

4.      **Procedural Stipulations**:  Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the Friday before the Trial Date.

5.      **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

6.      **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted to the Court on the Friday before the Trial Date.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file

updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

Three sets of exhibits shall be provided to the Court on the Friday prior to the Trial Date. One original set for use in the trial and to be provided to the jurors.  The second for the Court which shall be in binders, marked, tabbed and indexed.  If a bench trial, a third for Court staff which shall also be in binders, marked, tabbed and indexed.  If a jury trial, a third is only required for witnesses if the party will not be using the Court's electronic equipment.  All shall be delivered/mailed directly to Chambers.

7.      **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.  Marshals require court order to allow equipment; parties will need to file request and proposed order.

8.      **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

The parties will be allowed a joint questionnaire not to exceed four pages.  Said questionnaire shall be filed with the Court in Word format by **no later than 12:00 p.m. noon on Wednesday, October 3, 2012** to allow the Court to review and revise if necessary.

9.      **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no

later than the close of business on the Wednesday before the Trial Date.  Any objections not resolved must be filed in writing by the Thursday before Trial Date.  The parties shall be available by telephone on the Friday before the Trial Date to discuss the issues raised with the Court.

10.     **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  Counsel shall lodge with the Court on the Trial Date two copies of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

11.     **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

12.     **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.  Deadline:  Friday before the Trial Date.

13.     **Video Depositions at Trial:**  A video deposition may only be shown after the designations, counter-designation and objections are resolved.  A transcript shall be provided of the portions played to the jury.  Deadline:  Friday before the Trial Date.

14.     **Witnesses at Trial:**  The party presenting evidence shall give the other party(ies) 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave

of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

15.    **Objections:**  There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

16.    **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

17.    **Punitive Damages:**  In the event that the jury will be asked to consider punitive damages, the parties shall meet and confer regarding written stipulations to streamline this phase of the case and shall provide the Court with a Joint Statement regarding the same.  Deadline:  Friday before the Trial Date.

18.    **Interpreters:**  If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is qualified.

19.    **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

20.    **Further Settlement Conference/Mediation:**  The parties are referred back to Magistrate Judge Laurel Beeler to the extent additional assistance is required.

21.    **Settlement:** Counsel shall promptly notify the Court by phone and email of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.   Unless the Court receives notice of settlement by 12:00 p.m. noon on the Wednesday

prior to jury selection, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.

22.     **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

23.     **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Date:October 1, 2012

HON. YVONNE GONZALEZ ROGERS
United States District Judge

# **PROCEDURAL STIPULATIONS**
## **(EXHIBIT A)**

Date: _____

Case Name: _____

Case Number: _____

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____           For the Defendant _____

It is stipulated that all non-served Doe defendants are dismissed on the date the jury is sworn.

For the Plaintiff _____           For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____           For the Defendant _____

It is stipulated that both Counsel and Defendant need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____           For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy's determination that all jurors are present.

    For the Plaintiff _____           For the Defendant _____

United States District Court
Northern District of California

7

In the absence if the trial judge, any judge of this court may receive the verdict.

     For the Plaintiff _____        For the Defendant _____

(Name) _____       (Name) _____

_____     _____
     Signature (Plaintiff's Attorney)         Signature (Defense Attorney)

United States District Court
Northern District of California