UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TIM KRANSON,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION, and DOES ONE through TWENTY, inclusive,<br><br>        Defendants. | Case No. CV11-05826-YGR<br><br>JUDGE YVONNE GONZALEZ ROGERS<br><br>[PROPOSED] ORDER ON FEDERAL EXPRESS CORPORATION'S MOTIONS *IN LIMINE* NOS. 1-8<br><br>Date:      September 21, 2012<br>Time:     9:00 A.M.<br>Courtroom:  TBD<br><br>Complaint Filed: October 28, 2011<br>Trial Date: October 9, 2012 |

THE COURT HEREBY MAKES THE FOLLOWING ORDERS RE DEFENDANT'S MOTIONS IN LIMINE:

**DEFENDANT'S MOTION IN LIMINE NO. 1** to Exclude Testimony and Opinions of Ronald Wolfson, M.D., William S. Lowery, M.D. and Jack Stehr., M.D. on the grounds that plaintiff failed to disclose the opinions and underlying facts relied upon as required by FRCP 26 and should be excluded under FRCP 37, is:

    DENIED.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

952900 (60-13554)

1

[PROPOSED] ORDER RE DEFENDANT'S MOTIONS *IN LIMINE*
Case No. CV11-05826-YGR

1    **DEFENDANT'S MOTION IN LIMINE NO. 2** to Exclude Lay Opinion Regarding Proper
2    Staffing Levels on the grounds such testimony is irrelevant, unduly prejudicial, and lacking
3    foundation, is:
4    GRANTED in part and DENIED in part.  Only Mr. Capriulo and Mr. Blanchard may testify
5    regarding staffing levels.  All other witnesses are precluded from testifying regarding staffing levels.

7    **DEFENDANT'S MOTION IN LIMINE NO. 3** to Exclude Testimony Regarding What Job
8    Duties Plaintiff Could Have Performed On or Before May 10, 2011 With or Without
9    Accommodation on the grounds that such testimony is irrelevant, unduly prejudicial, and lacking
10   foundation, is:
11   DENIED.

13   **DEFENDANT'S MOTION IN LIMINE NO. 4** to Exclude Speculation Regarding How
14   Many Hours A Part-Time Material Handler Would Have Worked After June 2011 on the grounds
15   that plaintiff has no personal knowledge to testify regarding a material handler's hours after June
16   2011, his opinions are not rationally based on first-hand knowledge and not helpful to determine a
17   fact in issue, and are irrelevant and unduly prejudicial, is:
18   DENIED without prejudice to request a limiting instruction that the testimony may not be
19   considered for the truth of the matter asserted.

21   **DEFENDANT'S MOTION IN LIMINE NO. 5** to Exclude Speculation Regarding FedEx's
22   Motive and Intent on the grounds that plaintiff's speculation as to the reasons for FedEx's decisions
23   to displace him from the full-time Ramp Agent position and to terminate his employment (other than
24   what was directly communicated by FedEx to Plaintiff) is not based on plaintiff's personal
25   knowledge, is irrelevant and lacking any probative value, is:
26   DENIED without prejudice.

28   **DEFENDANT'S MOTION IN LIMINE NO. 6** to Exclude Opinions and Legal

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

952900 (60-13554)

2

[PROPOSED] ORDER RE DEFENDANT'S MOTIONS *IN LIMINE*
Case No. CV11-05826-YGR

Conclusions Regarding Emotional Distress on the grounds that lay opinion regarding whether or why Plaintiff suffered emotional distress constitutes a legal conclusions, embraces an ultimate legal issue, and is not helpful to the determination a fact in issue, is

GRANTED in part, DENIED in part. Lay opinions are admissible but legal conclusions are precluded.

**DEFENDANT'S MOTION IN LIMINE NO. 7** to Exclude Evidence of Other Lawsuits and Dismissed Claims Against FedEx on the grounds that such testimony is not relevant and would have a prejudicial effect towards the Defendant, is:

GRANTED in part. Evidence of other lawsuits is precluded for liability phase and will be deferred for later ruling on what is admissible for a punitive damages phase, if any.

**DEFENDANT'S MOTION IN LIMINE NO. 8** to Exclude Evidence Referring to Relative Wealth, Net Worth or Revenue of FedEx on the grounds that FedEx's net worth and revenue at the liability stage is not relevant, and evidence regarding the same is unfairly prejudicial, is:

GRANTED in part. Evidence of net worth is precluded in liability phase but admissible at punitive damages phase, if any.

Dated:  October 2, 2012

_____
YVONNE GONZALEZ ROGERS
United States District Judge
FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

952900 (60-13554)

3

[PROPOSED] ORDER RE DEFENDANT'S MOTIONS *IN LIMINE*
Case No. CV11-05826-YGR

