UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIM KRANSON,<br><br>        Plaintiff,<br><br>   v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>        Defendant. | Case No. CV11-05826-YGR<br><br>JUDGE YVONNE GONZALEZ ROGERS<br><br>**JURY INSTRUCTIONS** |

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  Copies of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Burden of Proof – Preponderance of the Evidence

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim by clear and convincing evidence, it means you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

> (1)     The sworn testimony of any witness;

> (2)     The exhibits which were received into evidence; and

> (3)     Any facts to which the lawyers have agreed.

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits were received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     The opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness's memory;

(3)     The witness's manner while testifying;

(4)     The witness's interest in the outcome of the case and any bias or prejudice;

(5)     Whether other evidence contradicted the witness's testimony;

(6)     The reasonableness of the witness's testimony in light of all the evidence; and

(7)     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Expert Witness Testimony

During the trial you heard testimony from expert witnesses.  The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion.  As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision.  You may believe all, part, or none of an expert's testimony.  In deciding whether to believe an expert's testimony, you should consider:

(1)     The expert's training and experience;

(2)     The facts the expert relied on; and

(3)     The reasons for the expert's opinion.

Experts – Questions Containing Assumed Facts

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Employment Discrimination – Introductory

It is an unlawful employment practice for an employer to discriminate against an employee based on a disability, unless the discrimination is based upon a good faith occupational qualification.

Discrimination means that the employer treats some individuals less favorably than others because of a disability.

Tim Kranson has brought six claims against FedEx:

(1)     Disability Discrimination;

(2)     Failure to Engage in the Interactive Process;

(3)     Failure to Provide Reasonable Accommodation;

(4)     Retaliation;

(5)     Failure to Prevent Discrimination or Retaliation; and

(6)     Wrongful Discharge in Violation of Public Policy.

Disability Discrimination (First Claim) – Elements

Tim Kranson claims that FedEx wrongfully discriminated against him based on his physical disability.  To establish this claim, Mr. Kranson must prove all of the following:

(1)     That Mr. Kranson had a physical condition that limited a major life activity;

(2)     That FedEx knew that Mr. Kranson had a physical condition that limited a major life activity;

(3)     That Mr. Kranson was able to perform the essential job duties with or without reasonable accommodation for his disability;

(4)     That FedEx subjected Mr. Kranson to an adverse employment action;

(5)     That Mr. Kranson's physical condition was a motivating reason for FedEx's decision to take the action;

(6)     That Mr. Kranson was harmed; and

(7)     That FedEx's conduct was a substantial factor in causing Mr. Kranson's harm.

"Reasonable Accommodation" Explained

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:

(1)     Making the workplace readily accessible to and usable by employees with disabilities;

(2)     Changing job responsibilities or work schedules;

(3)     Reassigning the employee to a vacant position;

(4)     Modifying or providing equipment or devices;

(5)     Modifying tests or training materials;

(6)     Providing qualified interpreters or readers;

(7)     Providing other similar accommodations for an individual with a disability;

(8)     Allowing the employee to take unpaid leaves of absence; or

(9)     Holding a job open for a disabled employee who needs time to recuperate where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Duty to Accommodate Is More Than Just One Effort

The duty to accommodate is a continuing duty that is not exhausted by one effort.  If a reasonable accommodation available to the employer could have plausibly enabled a disabled employee to adequately perform his job, an employer is liable for failing to attempt that accommodation.

Failure to Engage in the Interactive Process (Second Claim) – Elements

Tim Kranson contends that FedEx failed to engage in a good-faith interactive process with him to determine whether it would be possible to implement effective reasonable accommodations so that Mr. Kranson could perform the essential duties of the Ramp Agent job. In order to establish this claim, Mr. Kranson must prove the following:

(1)     That Mr. Kranson had a physical condition that was known to FedEx;

(2)     That Mr. Kranson requested that FedEx make reasonable accommodation for his physical condition so that he would be able to perform the essential duties of the job;

(3)     That Mr. Kranson was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job duties;

(4)     That FedEx failed to participate in a timely good faith interactive process with Mr. Kranson to determine whether a reasonable accommodation could be made;

(5)     That Mr. Kranson was harmed; and

(6)     That FedEx's failure to engage in a good faith interactive process was a substantial factor in causing Mr. Kranson's harm.

A disabled employee has a duty to understand his or her own physical or mental condition well enough to present an employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee.  It is the duty of the employer to engage timely in good faith with the employee in an interactive process in an effort to make a reasonable accommodation to employee's disability.  It the duty of the employer and the disabled employee to keep communications open and neither side has a right to obstruct the process.  A

reasonable accommodation implies a cooperative exchange of information between employer and employee where each seeks and shares information to achieve the best match between the employee's capabilities and available positions.

Failure to Provide Reasonable Accommodation (Third Claim) – Elements

Tim Kranson claims that FedEx failed to reasonably accommodate his disability.  To establish this claim, Mr. Kranson must prove all of the following:

(1)     That Mr. Kranson had a physical condition that limited his ability to engage in a major life activity;

(2)     That FedEx knew of Mr. Kranson's condition that limited his ability to engage in major life activity;

(3)     That Mr. Kranson was able to perform the essential job duties of the Ramp Agent position with reasonable accommodation for his disability;

(4)     That FedEx failed to provide reasonable accommodation for Mr. Kranson's disability;

(5)     That Mr. Kranson was harmed; and

(6)     That FedEx's failure to provide reasonable accommodation was a substantial factor in causing Mr. Kranson's harm.

A reasonable accommodation does not include changing or eliminating any essential duty of employment, shifting any of the essential duties of the subject employment to others, or creating a new position for the disabled employee.

Retaliation in Violation of Fair Employment and Housing Act (Fourth Claim) – Elements

Tim Kranson claims that FedEx retaliated against him for taking medical leave.  To establish this claim, Mr. Kranson must prove all of the following:

(1)     That Mr. Kranson took medical leave;

(2)     That FedEx subjected Mr. Kranson to an adverse employment action;

(3)     That Mr. Kranson's medical leave was a motivating reason for FedEx's decision to subject Mr. Kranson to an adverse employment action;

(4)     That Mr. Kranson was harmed; and

(5)     That FedEx's conduct was a substantial factor in causing Mr. Kranson's harm.

Failure to Prevent Discrimination or Retaliation (Fifth Claim)

Tim Kranson claims that FedEx failed to prevent discrimination based on disability or retaliation.  To establish this claim, Mr. Kranson must prove all of the following:

(1)     That Mr. Kranson was an employee of FedEx;

(2)     That Mr. Kranson was subjected to discrimination or retaliation because he was a person with a disability;

(3)     That FedEx failed to take reasonable steps to prevent the discrimination or retaliation;

(4)     That Mr. Kranson was harmed; and

(5)     That FedEx's failure to take reasonable steps to prevent discrimination or retaliation was a substantial factor in causing Mr. Kranson's harm.

"Essential Job Duties" Explained

As used in these instructions, "an essential duty" of an employment position means the fundamental job duties of the employment position the plaintiff holds.  It does not include the marginal duties that may occur through the course of a job.

You must consider the employer's judgment as to what duties of a job are essential.  If an employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential duties of the job.

In deciding whether a job duty is essential, you may consider, among other factors, the following:

(1)     Whether the reason the position exists is to perform that duty;

(2)     Whether there are a limited number of employees available among whom performance of that job duty can be distributed;

(3)     Whether the job duty is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular duty;

(4)     The amount of time spent performing the job duty;

(5)     The consequences of not requiring the individual holding the position to perform the duty;

(6)     The work experience of past employees who have held the position; and

(7)     The work experience of current employees that hold similar positions.

Adverse Employment Action Explained

There is an adverse employment action if FedEx has taken an action that materially and adversely affected the terms, conditions or privileges of Mr. Kranson's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.

Wrongful Discharge In Violation Of Public Policy (Sixth Claim)

Tim Kranson claims that he was discharged from employment for reasons that violate a public policy.  To establish this claim Mr. Kranson must prove all of the following:

(1)   That Mr. Kranson was employed by FedEx;

(2)   That FedEx discharged Mr. Kranson;

(3)   That Mr. Kranson's disability or medical leave was a motivating reason for Mr. Kranson's discharge; and

(4)   That the discharge caused Mr. Kranson's harm.

"Motivating Reason" Explained

A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

Physical Disability Defined

A physical disability is defined as a physical disease, disorder, condition or anatomical loss that does both of the following:

(1)    Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, or cardiovascular; and

(2)    Limits a major life activity. A physical disease, musculoskeletal disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult.

The phrase "major life activity" is broadly construed and includes physical, mental, and social activities, or working.

In determining whether Tim Kranson's physical disability limits a major life activity, you must consider the physical disability without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations.

Introduction to Agency

A corporation is responsible for harm caused by the wrongful conduct of its employees/agents while acting within the scope of their employment/authority.

Existence of "Agency" Relationship Disputed

Tim Kranson claims that Nurse Karen Plumb was FedEx's agent and that FedEx is therefore responsible for Nurse Plumb's conduct as it relates to Mr. Kranson.  If Mr. Kranson proves that FedEx gave Nurse Plumb authority to act on its behalf, then Nurse Plumb was FedEx's agent.  This authority may be shown by FedEx's words or may be implied by the parties' conduct.  This authority cannot be shown by the words of Nurse Plumb alone.

Ostensible Agent

Tim Kranson claims that FedEx is responsible for Nurse Plumb's conduct because she was FedEx's apparent agent. To establish this claim, Mr. Kranson must prove all of the following:

(1)     That FedEx intentionally or carelessly created the impression that Nurse Plumb was FedEx's agent;

(2)     That Mr. Kranson reasonably believed that Nurse Plumb was FedEx's agent; and

(3)     That Mr. Kranson was harmed because he reasonably relied on his belief.

Scope of Employment

Tim Kranson must prove that Nurse Plumb was acting within the scope of her employment/authorization when attending Mr. Kranson's medical appointments.  Conduct is within the scope of employment/authorization if:

(1)    It is reasonably related to the kinds of tasks that the employee/agent was employed to perform; or

(2)    It is reasonably foreseeable in light of the employer's business or the agent's/employee's job responsibilities.

Introduction to Tort Damages – Liability Contested

If you decide that Tim Kranson has proved his claim against FedEx, you also must decide how much money will reasonably compensate Mr. Kranson for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by FedEx's wrongful conduct, even if the particular harm could not have been anticipated.

Mr. Kranson does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.

However, you must not speculate or guess in awarding damages.

Economic and Non-Economic Damages

The damages claimed by Tim Kranson for the harm caused by FedEx fall into two categories called economic damages and non-economic damages.  You will be asked on the verdict form to state the two categories of damages separately.

Items of Economic Damage

The specific items of economic damages claimed by Tim Kranson are past and future lost earnings.

To recover damages for past lost earnings, Tim Kranson must prove the amount of earnings that he has lost to date.

To recover damages for future lost earnings, Tim Kranson must prove the amount of earnings he will be reasonably certain to lose in the future as a result of the wrongful conduct.

Physical Pain, Mental Suffering, and Emotional Distress (Non-Economic Damage)

Non-economic damages include: past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, Tim Kranson must prove that he is reasonably certain to suffer that harm.

Employee's Duty to Mitigate Damages

FedEx claims that if Tim Kranson is entitled to any damages, they should be reduced by the amount that he could have earned from other employment.  To succeed, FedEx must prove all of the following:

(1)     That employment substantially similar to Mr. Kranson's former job was available to him;

(2)     That Mr. Kranson failed to make reasonable efforts to seek this employment; and

(3)     The amount that Mr. Kranson could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a)     The nature of the work was different from Mr. Kranson's employment with FedEx;

(b)     The new position was substantially inferior to Mr. Kranson's former position;

(c)     The salary, benefits, and hours of the job were similar to Mr. Kranson's former job;

(d)     The new position required similar skills, background, and experience;

(e)      The job responsibilities were similar; and

(f)     The job was in the same locality.

In determining whether Mr. Kranson failed to make reasonable efforts to retain comparable employment, you should consider whether Mr. Kranson quit or was discharged from that employment for a reason within his control.

Wrongful Discharge in Violation of Public Policy – Damages

With regard to the sixth claim, if you find that FedEx discharged Tim Kranson in violation of public policy, then you must decide the amount of damages that Mr. Kranson has proven he is entitled to recover, if any.  To make that decision, you must:

(1)     Decide the amount that Mr. Kranson would have earned up to today, including any benefits and pay increases;

(2)     Add the present cash value of any future wages and benefits that he would have earned for the length of time the employment with FedEx was reasonably certain to continue; and

(3)     Add damages for emotional distress if you find that FedEx's conduct was a substantial factor in causing that harm.  In determining the period that Mr. Kranson's employment was reasonably certain to have continued, you should consider such things as:

(a)     Mr. Kranson's age, work performance, and intent regarding continuing employment with FedEx;

(b)     FedEx's prospects for continuing the operations involving Mr. Kranson; and

(c)     Any other factor that bears on how long Mr. Kranson would have continued to work.

Arguments of Counsel Are Not Evidence of Damages

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Punitive Damages – Entity Defendant

If you decide that FedEx's conduct caused Tim Kranson harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Tim Kranson has proved that FedEx engaged in that conduct with malice, oppression, or fraud. To do this, Tim Kranson must prove one of the following by clear and convincing evidence:

(1) That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of FedEx who acted on behalf of FedEx;

(2) That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of FedEx; or

(3) That one or more officers, directors, or managing agents of FedEx knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that FedEx acted with intent to cause injury or that FedEx's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that FedEx's conduct was despicable and subjected Tim Kranson to cruel and unjust hardship in knowing disregard of his rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that FedEx intentionally misrepresented or concealed a material fact and did so intending to harm Tim Kranson.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time.  You should continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Return of Verdicts

Verdict forms have been prepared for you.  I have instructed you on the law that you are to use in answering these questions.  You must follow my instructions and the verdict forms carefully.  You must consider each question separately.  Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict forms in the order they appear.  After you answer a question, the form tells you what to do next.

After you have reached unanimous agreement on each verdict, your presiding juror will fill in the forms that have been given to you, sign and date them, and advise the court that you are ready to return to the courtroom.