FILED

OCT 1 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIM KRANSON, | Case No. CV11-05826-YGR |
| Plaintiff, | JUDGE YVONNE GONZALEZ ROGERS |
| v. | **VERDICT FORMS** |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

**First Claim (Disability Discrimination)**

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx know that Mr. Kranson had a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson able to perform the essential job duties of the Ramp Agent position with or without accommodation?

    __X__ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Did FedEx subject Mr. Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then sign and date this verdict.

5. Was Tim Kranson's physical condition a motivating reason for FedEx's decision to subject Mr. Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, then sign and date this verdict.

6. Was FedEx's conduct was a substantial factor in causing harm to Mr. Kranson?

    __X__ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE

## Second Claim (Failure to Engage in the Interactive Process)

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that was known to FedEx?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If your answer to question 1 is no, then sign and date this verdict.

2. Did Mr. Kranson request that FedEx make reasonable accommodation for his physical condition so that he would be able to perform the essential duties of the job?

    _____ Yes  __X__ No

If your answer to question 2 is yes, then answer question 3. If your answer to question 2 is no, then sign and date this verdict.

3. Was Tim Kranson willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job duties of the Ramp Agent position?

    _____ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If your answer to question 3 is no, then sign and date this verdict.

4. Did FedEx fail to participate in a timely, good faith interactive process with Tim Kranson to determine whether reasonable accommodation could be made?

    _____ Yes  _____ No

If your answer to question 4 is yes, then answer question 5. If your answer to question 4 is no, then sign and date this verdict.

5. Was FedEx's failure to participate in the interactive process a substantial factor in causing harm to Tim Kranson?

    _____ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE

## Third Claim (Failure to Provide Reasonable Accommodation)

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that limited a major life activity?

    __X__ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx know that Mr. Kranson had a physical condition that limited a major life activity?

    __X__ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson able to perform the essential job duties of the Ramp Agent position with or without accommodation?

    __X__ Yes _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Did FedEx fail to provide reasonable accommodation for Tim Kranson's disabilities?

    __X__ Yes _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then sign and date this verdict.

5. Was FedEx's failure to provide reasonable accommodation a substantial factor in causing harm to Tim Kranson?

    __X__ Yes _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

_[signature]_

PRESIDING JUROR SIGNATURE

## Fourth Claim (Retaliation)

We, the jury, answer the following questions:

1. Did Tim Kranson take medical leave?

    _X_ Yes  ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx subject Tim Kranson to an adverse employment action?

    _X_ Yes  ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Tim Kranson's medical leave a motivating reason for FedEx's decision to subject Tim Kranson to an adverse employment action?

    _X_ Yes  ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Was FedEx's conduct a substantial factor in causing harm to Tim Kranson?

    _X_ Yes  ___ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

_Linda Hill_

PRESIDING JUROR SIGNATURE

### Fifth Claim (Failure to Prevent Discrimination or Retaliation)

*Answer the following questions only if you answered yes to either question 6 of the First Claim <u>or</u> question 4 of the Fourth Claim. If you did not answer yes to either question, leave blank.*

We, the jury, answer the following questions:

1. Did FedEx fail to take reasonable steps to prevent discrimination or retaliation?

    \_\_\_\_\_ Yes __X__ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Was FedEx's failure to prevent discrimination or retaliation a substantial factor in causing harm to Tim Kranson?

    \_\_\_\_\_ Yes \_\_\_\_\_ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE

## Sixth Claim (Wrongful Discharge in Violation of Public Policy)

We, the jury, answer the following questions:

1. Was Tim Kranson employed by FedEx?

    __X__ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx discharge Mr. Kranson?

    __X__ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson's disability or medical leave a motivating reason for Mr. Kranson's discharge?

    __X__ Yes _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Was the discharge a substantial factor in causing harm to Mr. Kranson?

    __X__ Yes _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hull*

PRESIDING JUROR SIGNATURE

## Damages

*Answer the following questions only if you have answered yes to question 6 of the First Claim, question 5 of the Second Claim, question 5 of the Third Claim, question 4 of the Fourth Claim, question 2 of the Fifth Claim, or question 4 of the Sixth Claim.*

We, the jury, answer the following questions:

1. What are Tim Kranson's damages?
   a. Past lost earnings: 40,373.00
   b. Future lost earnings: 341,824.00
   c. Past non-economic loss: 0
   d. Future non-economic loss: 0

2. Did Tim Kranson prove by clear and convincing evidence that an officer, director or managing agent of FedEx committed, authorized or ratified an act of malice, oppression or fraud?

   ___ Yes  _X_ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE