UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM KRANSON, | ) NO. 4-11-cv-05826-YGR |
| Plaintiff, | ) |
| v. | ) [PROPOSED] JUDGMENT ON |
| | ) SPECIAL VERDICT |
| FEDERAL EXPRESS CORPORATION, and DOES ONE through TWENTY, inclusive, | ) |
| Defendants. | ) |

1

On October 1, 2012, the Court granted defendant summary judgment on plaintiff's claim for violation of the California Family Rights Act.

The action came on regularly for trial on October 9, 2012 through October 15, 2012 in the Northern District of California, Oakland Division, before the Honorable Yvonne Gonzalez Rogers. The plaintiff was represented by attorneys Stephen M. Murphy and P. Bobby Shukla. The defendant was represented by attorneys Charles W. Matheis, Jr. and Carol D. DeFreitas.

A jury of eight persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court with its verdict consisting of the special issues submitted to the jury and the answers given thereto by the jury, which is attached hereto as Exhibit A.

The Court reserved ruling on plaintiff's claims for declaratory judgment and for violation of California Business and Professions Code §17200, *et seq.* The parties submitted opening briefing on these claims on November 5, 2012 and revised briefing on January 11, 2013. On June 10, 2013, the Court issued its order denying plaintiff's request for declaratory judgment and violation of California Business and Professions Code §17200, *et seq.*

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

That plaintiff TIM KRANSON have judgment against defendant FEDERAL EXPRESS CORPORATION on his claims for disability discrimination, failure to provide reasonable accommodation, retaliation, and wrongful discharge in violation of public policy, for a total judgment of $ __382,197.00__ plus costs and attorney fees to be determined by the Court, and post-judgment interest at the legal rate to be

[PROPOSED] JUDGMENT ON SPECIAL VERDICT

determined.

That defendant FEDERAL EXPRESS CORPORATION have judgment against plaintiff TIM KRANSON on plaintiff's claims for violation of the California Family Rights Act, failure to engage in the interactive process, failure to prevent discrimination or retaliation, request for declaratory judgment, and violation of California Business and Professions Code §17200, *et seq.*

Dated: July 11, 2013

_____
HONORABLE YVONNE GONZALEZ ROGERS

APPROVED AS TO FORM AND CONTENT:

Dated: July 10, 2013                              FEDERAL EXPRESS CORPORATION

By:   /s/ Charles W. Matheis, Jr.
        CHARLES W. MATHEIS, JR.
        Attorney for Defendant

Dated: July 10, 2013                              LAW OFFICES OF STEPHEN M. MURPHY

By:   /s/ Stephen M. Murphy
        STEPHEN M. MURPHY
        Attorney for Plaintiff

3

[PROPOSED] JUDGMENT ON SPECIAL VERDICT

# EXHIBIT A

**FILED**

OCT 1 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIM KRANSON, | Case No. CV11-05826-YGR |
| Plaintiff, | JUDGE YVONNE GONZALEZ ROGERS |
| v. | **VERDICT FORMS** |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |

**First Claim (Disability Discrimination)**

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx know that Mr. Kranson had a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson able to perform the essential job duties of the Ramp Agent position with or without accommodation?

    __X__ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Did FedEx subject Mr. Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then sign and date this verdict.

5. Was Tim Kranson's physical condition a motivating reason for FedEx's decision to subject Mr. Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, then sign and date this verdict.

6. Was FedEx's conduct was a substantial factor in causing harm to Mr. Kranson?

    __X__ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-13

PRESIDING JUROR NO. 400

_Linda Hill_

PRESIDING JUROR SIGNATURE

## Second Claim (Failure to Engage in the Interactive Process)

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that was known to FedEx?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If your answer to question 1 is no, then sign and date this verdict.

2. Did Mr. Kranson request that FedEx make reasonable accommodation for his physical condition so that he would be able to perform the essential duties of the job?

    _____ Yes  __X__ No

If your answer to question 2 is yes, then answer question 3. If your answer to question 2 is no, then sign and date this verdict.

3. Was Tim Kranson willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job duties of the Ramp Agent position?

    _____ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If your answer to question 3 is no, then sign and date this verdict.

4. Did FedEx fail to participate in a timely, good faith interactive process with Tim Kranson to determine whether reasonable accommodation could be made?

    _____ Yes  _____ No

If your answer to question 4 is yes, then answer question 5. If your answer to question 4 is no, then sign and date this verdict.

5. Was FedEx's failure to participate in the interactive process a substantial factor in causing harm to Tim Kranson?

    _____ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE

### Third Claim (Failure to Provide Reasonable Accommodation)

We, the jury, answer the following questions:

1. Did Tim Kranson have a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx know that Mr. Kranson had a physical condition that limited a major life activity?

    __X__ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson able to perform the essential job duties of the Ramp Agent position with or without accommodation?

    __X__ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Did FedEx fail to provide reasonable accommodation for Tim Kranson's disabilities?

    __X__ Yes  _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, then sign and date this verdict.

5. Was FedEx's failure to provide reasonable accommodation a substantial factor in causing harm to Tim Kranson?

    __X__ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

_[signature]_

PRESIDING JUROR SIGNATURE

## Fourth Claim (Retaliation)

We, the jury, answer the following questions:

1. Did Tim Kranson take medical leave?

    __X__ Yes  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx subject Tim Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Tim Kranson's medical leave a motivating reason for FedEx's decision to subject Tim Kranson to an adverse employment action?

    __X__ Yes  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Was FedEx's conduct a substantial factor in causing harm to Tim Kranson?

    __X__ Yes  _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

_Linda Hill_

PRESIDING JUROR SIGNATURE

### Fifth Claim (Failure to Prevent Discrimination or Retaliation)

*Answer the following questions only if you answered yes to either question 6 of the First Claim **or** question 4 of the Fourth Claim. If you did not answer yes to either question, leave blank.*

We, the jury, answer the following questions:

1. Did FedEx fail to take reasonable steps to prevent discrimination or retaliation?

    \_\_\_\_\_ Yes  **X** No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Was FedEx's failure to prevent discrimination or retaliation a substantial factor in causing harm to Tim Kranson?

    \_\_\_\_\_ Yes  \_\_\_\_\_ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

*Linda Hill*

PRESIDING JUROR SIGNATURE

## Sixth Claim (Wrongful Discharge in Violation of Public Policy)

We, the jury, answer the following questions:

1. Was Tim Kranson employed by FedEx?

    __X__ Yes _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, then sign and date this verdict.

2. Did FedEx discharge Mr. Kranson?

    __X__ Yes _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, then sign and date this verdict.

3. Was Mr. Kranson's disability or medical leave a motivating reason for Mr. Kranson's discharge?

    __X__ Yes _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, then sign and date this verdict.

4. Was the discharge a substantial factor in causing harm to Mr. Kranson?

    __X__ Yes _____ No

Sign and date this verdict.

DATED: 10-15-12

PRESIDING JUROR NO. 400

_Linda Hull_

PRESIDING JUROR SIGNATURE

## Damages

*Answer the following questions only if you have answered yes to question 6 of the First Claim, question 5 of the Second Claim, question 5 of the Third Claim, question 4 of the Fourth Claim, question 2 of the Fifth Claim, <u>or</u> question 4 of the Sixth Claim.*

We, the jury, answer the following questions:

1. What are Tim Kranson's damages?
   a. Past lost earnings: __40,373.00__
   b. Future lost earnings: __341,824.00__
   c. Past non-economic loss: __0__
   d. Future non-economic loss: __0__

2. Did Tim Kranson prove by clear and convincing evidence that an officer, director or managing agent of FedEx committed, authorized or ratified an act of malice, oppression or fraud?

   _____ Yes __X__ No

Sign and date this verdict.

DATED: __10-15-12__

PRESIDING JUROR NO. __400__

_Linda Hill_ (signature)

PRESIDING JUROR SIGNATURE