UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM KRANSON,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>    Defendant. | Case No.: 11-cv-05826-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ORDER STAYING EXECUTION OF JUDGMENT AND WAIVER OF REQUIREMENT TO POST SUPERSEDEAS BOND** |

Pending before the Court is Defendant Federal Express Corporation's ("FedEx") Motion for Order Staying Execution of Judgment and Waiver of Requirement to Post Supersedeas Bond ("Motion"). (Dkt. No. 199.) Plaintiff Tim Kranson has opposed the Motion (Dkt. No. 203), and FedEx filed a reply in turn (Dkt. No. 204).

Having carefully considered the papers submitted and the pleadings in this action, the arguments of counsel, and for the reasons set forth below, the Court hereby **GRANTS** FedEx's request for an order staying execution of the judgment pending appeal and waiving the requirement of a supersedeas bond under Federal Rule of Civil Procedure 62(d).[1]

**I.   DISCUSSION**

Federal Rule of Civil Procedure 62(d) provides that where an appeal is taken, an "appellant may obtain a stay [of proceedings to enforce the judgment] by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for January 21, 2014.

FedEx argues that this Court should exercise its discretion to waive the bond requirement "because FedEx's ability to pay the $382,197 judgment is so plain[,] the expense of the bond would be a waste of money." (Motion at 3; *see id.* at 4 (reporting FedEx's assets and net income based on Form 10-K).) In support of this argument, FedEx relies primarily on two out-of-circuit cases: *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) and *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). In *Dillon*, the Seventh Circuit explained that when determining whether to waive the bond requirement, a district court may look to the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

866 F.2d at 904–05 (internal quotations, citations, and parentheticals omitted). Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement. *See Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012).[2]

As noted above, FedEx's primary argument relates to the fourth *Dillon* factor—that its ability to pay the judgment is so plain that the cost of the bond would be a waste of money. FedEx also states that "once a completed payment request is submitted, it takes less than 30 days . . . to issue payment" (Motion at 4), which relates to the second *Dillon* factor. While FedEx does not speak directly to the complexity of the collection process (the first *Dillon* factor), counsel attests that in his experience, payments are issued after submitting a completed payment request. (*See* Declaration of Charles W. Matheis, Jr. [Dkt. No. 199] ¶ 5.)

Based on FedEx's arguments and counsel's declaration, the Court is confident that FedEx has available funds to ultimately pay the judgment to Kranson (the third *Dillon* factor).[3] In sum, the Court finds that the *Dillon* factors weigh in favor of waiving the bond requirement required by Fed. R. Civ. P. 62(d). Accordingly, the Court exercises its discretion to waive the requirement of a bond in this

---

[2] In *Arban*, the Sixth Circuit appeared to focus primarily on only one of the *Dillon* factors.

[3] The Court finds that the fifth *Dillon* factor is not applicable here.

case pending FedEx's appeal to the Ninth Circuit.

## II.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** FedEx's Motion for Order Staying Execution of Judgment and Waiver of Requirement to Post Supersedeas Bond.

This Order terminates Dkt. No. 199.

**IT IS SO ORDERED.**

Dated: December 31, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**